

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-12-00239-CR

Alfonso Laurence **SOLOMON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 7th District Court, Smith County, Texas
Trial Court No. 007-1425-09
The Honorable Kerry L. Russell, Judge Presiding

### OPINION ON APPELLANT'S MOTION FOR REHEARING

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
    Karen Angelini, Justice
    Marialyn Barnard, Justice

Delivered and Filed:  December 19, 2012

MOTION FOR REHEARING GRANTED; AFFIRMED AS MODIFIED

The motion for rehearing filed by appellant Alfonso Solomon is granted.  This court's

October 17, 2012 opinion and judgment are withdrawn, and this opinion and judgment are

substituted.

In this appeal, Solomon, who was adjudicated guilty of the offense of aggravated

robbery, complains the trial court erred in assessing court costs of $570.00.  Solomon contends

the trial court erred in assessing $570.00 in court costs because: (1) there is no evidence to

support the imposition of increased costs of $300.00 above the costs assessed at the time the trial court deferred a finding of guilt, and (2) the trial court failed to find Solomon has the ability to pay such costs. We reform the court's judgment to reflect court costs in the amount of $270.00 and affirm the judgment as modified.

## BACKGROUND

Solomon, pursuant to a plea agreement, pled guilty to the offense of aggravated robbery. Pursuant to the plea agreement, the trial court deferred a finding of guilt and placed Solomon on community supervision for seven years. As part of its order of deferral, the court imposed $270.00 in court costs, and one of the conditions of Solomon's community supervision was that he begin paying the court costs at a rate of $20.00 per month once he was released from a substance abuse facility, which was another condition of his community supervision. A little over two years after the original deferment, the State filed an application to proceed to final adjudication, alleging Solomon violated numerous conditions of his community supervision, including a failure to repay court costs.

Solomon pled true to several of the State's allegations, and not true to others. He pled not true to the allegation that he failed to repay court costs. After a hearing, the trial court found each of the State's allegations true. Thereafter, the trial court found Solomon guilty of aggravated robbery, found the offense was committed with a deadly weapon, and sentenced Solomon to confinement for twenty years. In its written judgment, the trial court assessed $570 in court costs, a $300.00 increase from the court costs originally assessed at the time Solomon was placed on community supervision.

After the trial court rendered judgment, Solomon perfected this appeal.

## ANALYSIS

On appeal, Solomon challenges the assessment of costs. More specifically, he contends the assessment of $570.00 in costs was erroneous because there is no evidence to support the $300.00 increase, and the trial court failed to find he has an ability to pay the assessed costs, which he argues it must do. Solomon asks that we modify the judgment to reflect an assessment of costs in the amount of $270.00, the amount originally assessed when he was first placed on deferred adjudication.[1]

In response, the State argues Solomon has failed to preserve this issue for our review. The State asserts Solomon failed to object or otherwise complain in the trial court about the imposition of court costs. We hold Solomon was not required to object in the trial court to preserve his complaint that the increase in costs was not supported by any evidence.

The obligation of a convicted person to pay court costs is established by statute. *See* TEX. CODE CRIM. PROC. art. 42.16 (West 2006) (mandating that judgments imposing punishments other than fines include costs against defendant); *see generally* TEX. CODE CRIM. PROC. art. 103.001–.012 (West 2006 & Supp. 2012) (governing collection and disposition of costs). However, the Texas Court of Criminal Appeals has recognized there must be sufficient evidence to support an imposition of costs. *See Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010); *see also Johnson v. State*, No. 14-11-00693-CR, 2012 WL 4878803, at *3 (Tex. App.— Houston [14th Dist.] Oct. 16, 2012, no pet.). In addition, the court held in *Mayer* that a claim of insufficient evidence to support an assessment of costs may be raised for the first time on appeal without the issue having first been raised in the trial court. 309 S.W.3d at 555; *see also Johnson*, 2012 WL 4878803, at *2. The court held, in essence, that a challenge to the sufficiency of the

---

[1] Solomon contests only the $300.00 increase in costs. He does not challenge the original imposition of $270.00 in costs.

evidence to support an assessment of costs is like any other sufficiency of the evidence challenge, and such challenge "need not be preserved for review at the trial level and is not waived by the failure to do so. *Mayer*, 309 S.W.3d at 555. Thus, the State's contention that Solomon waived error is without merit. *See id.* We will, therefore, review the record to determine if there is any evidence to support the $300.00 increase in costs.

We have reviewed the entire record and it does not contain any evidence supporting the $300.00 increase in court costs. Accordingly, although the trial court did not err in ordering Solomon to pay costs, as an imposition of costs is mandated by article 42.16, we hold it erred in ordering Solomon to pay $570.00 in costs without any support in the record for the $300.00 increase.

## CONCLUSION

Because there is no evidence in the record to support the $300.00 increase in costs assessed in the judgment, we reform the trial court's judgment to assess costs in the amount of $270.00. As modified, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Publish