**Opinion issued April 4, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00985-CR

————————————

**ERIK DELGADO GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1253927**

**MEMORANDUM OPINION**

A jury found appellant Erik Delgado Garcia guilty of the offense of reckless bodily injury to a child.[1] During the punishment phase, the jury found the allegations in one enhancement paragraph to be true and assessed appellant's punishment at 40 years in prison with a $4,000 fine. The trial court also imposed court costs against appellant in the judgment. Presenting one issue on appeal, appellant contends that there is "insufficient evidence" to support the court costs imposed by the trial court.

We affirm.

**Background**

In the judgment of conviction, the trial court ordered appellant to pay court costs of $275.00.[2] On appeal, appellant filed a "designation of Clerk's Record" in which he included a request for "[t]he bill of costs reflecting all fees and costs assigned to Defendant post-conviction." The clerk's record did not originally contain a bill of costs. After the parties filed their original briefing, we ordered the district clerk's office to supplement the record with a bill of costs. The district

---

[1]    *See* TEX. PENAL CODE ANN. § 22.04 (Vernon Supp. 2012).

[2]    The trial in this case, including the punishment phase, lasted for five days. Because appellant has limited his issue on appeal to one challenging court costs, we do not discuss the evidence offered at trial or the facts underlying the offense.

clerk filed a supplemental record containing a bill of costs. The bill reflects costs and fees totaling $275, the same amount the trial court ordered appellant to pay.

## Court Costs

In his sole issue, appellant argues that the evidence is insufficient to support the assessment of $275 in court costs.

In his original brief, appellant's sufficiency argument was based on the absence of a bill of costs in the clerk's record. Appellant asserted that "because he has been given no notice of the items of costs assessed against him, he has had no opportunity to be heard on the correctness of those costs." Appellant argued this rose to a violation of his right to due process under the federal constitution and a violation of his right to due course of law under the state constitution. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19. Appellant also complained that "there is no way to determine whether the assessed costs include attorney's fees." *See Mayer v. State*, 309 S.W.3d 552, 553 (Tex. Crim. App. 2010) (holding that, if a defendant is found to be indigent at outset of trial, some evidence must presented to trial court showing a change in his financial circumstances before attorney's fees can be assessed against him).[3]

_____

[3] In its original response brief, the State asserted that appellant's complaint is not ripe for appellate review. The ripeness doctrine protects against judicial interference until a decision has been formalized and its effects felt in a concrete way by the challenging parties. *State ex rel. Watkins v. Creuzot*, 352 S.W.3d 493, 504 (Tex. Crim. App. 2011). To determine whether an issue is ripe for adjudication, we evaluate both the

As mentioned, since appellant filed his opening brief, we ordered the record supplemented with a bill of costs. The costs bill was generated and signed by the district clerk's office after the trial court rendered judgment.[4] The costs bill itemizes the fees and costs assessed against appellant.

---

fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *Id.* The State asserted that the issue is not ripe because appellant has not been asked to pay the costs. The State pointed out that appellant is not required to pay the court costs until a bill of costs has been produced. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (Vernon 2010) (providing that a cost is not payable by person charged until a bill of costs is produced or ready to be produced). However, since the State filed its brief, the record has been supplemented with a bill of costs. The State also intimated that the issue is not ripe because Government Code section 501.014(e) requires the trial court to issue a notification of withdrawal before funds may be withdrawn from an inmate account. *See* TEX. GOV'T CODE ANN. § 501.014(e) (Vernon 2012). But Government Code section 501.014(e)(4) also indicates that a withdrawal notification can be issued to pay "in full . . . all orders for court fees and costs." *Id.* Because the amount of costs ordered in the judgment may serve as a basis to issue a withdrawal notification, and a bill of costs has been produced, appellant's challenge to the portion of the judgment ordering him to pay costs is ripe for appellate review. Additionally, the State cites Code of Criminal Procedure 103.008, which provides that a defendant has one year after the date of the final disposition of his case, in which costs were imposed, to file a motion seeking to correct any error in the costs. *See* TEX. CODE CRIM. PROC. ANN. art. 103.008(a) (Vernon 2006). Unlike the State, we do not perceive the availability of additional or alternative remedies as negating the ripeness of appellant's direct appellate challenge to costs assessed in the judgment.

[4] The document contained in the supplemental record indicates that it is from the Harris County Clerk's Justice Information Management Systems, commonly referred to by its acronym "JIMS." The document, entitled "JIMS Cost Bill Assessment," itemizes the various costs assessed in appellant's case. The costs are listed on two pages. We note that Code of Criminal Procedure article 103.009(a) requires the clerk of a court to keep a fee record; however, there is no indication that the fee record cannot be kept electronically. *See* TEX. CODE CRIM. PROC. ANN. art. 103.009(a) (Vernon 2006). Article 103.009(b) also provides that any person may inspect such fee record. *Id.* art. 103.009(b); *see, e.g., Gonzales v. State*, 07–10–00383–CR, 2012 WL 3553004, at *2 (Tex. App.—Amarillo Aug. 17, 2012, pet. ref'd) (mem. op., not designated for publication) (affirming judgment assessing court costs in case in which appellant had

4

A defendant convicted of a felony offense must pay certain statutorily mandated costs and fees, which vary depending on the type of offense, the underlying facts, and procedural history of the case. *See Owen v. State*, 352 S.W.3d 542, 546 n.5 (Tex. App.—Amarillo 2011, no pet.) (providing an extensive list of Texas statutes requiring convicted persons to pay costs and fees). The following are the costs and fees assessed against appellant as identified in the bill of costs in the supplemental clerk's record, along with the corresponding statutory provision mandating their assessment:

- $40 "clerk's fee" (*See id.* art. 102.005(a) ("A defendant convicted of an offense in a county court, a county court at law, or a district court shall pay for the services of the clerk of the court a fee of $40.")).

- $5 "security fee" (*See id.* art. 102.017(a) ("A defendant convicted of a felony offense in a district court shall pay a $5 security fee as a cost of court.")).

- $4 "jury reimbursement fee" (*See id.* art. 102.0045(a) ("A person convicted of any offense . . . shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services as provided by Section 61.0015, Government Code.")).

- $25 "records preservation fee" (*See id.* art. 102.005(f) ("A defendant convicted of an offense in a . . . district court shall pay a fee of $25 for records management and preservation services performed by the county as required by Chapter 203, Local Government Code.")).

- $2 "support of [indigent] defense" (*See* TEX. LOC. GOV'T CODE ANN. § 133.107(a) (Vernon Supp. 2012) ("A person convicted of any

challenged costs assessment on ground that costs were improper because the record contained no indication how costs were determined; court relied, in part, on section 103.009 provision permitting inspection of fee record).

offense . . . shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 79.031, Government Code.")).

- $6 "support judiciary fee[]" (*See id.* § 133.105(a) (Vernon 2008) ("A person convicted of any offense . . . shall pay as a court cost, in addition to all other costs, a fee of $6 to be used for court-related purposes for the support of the judiciary.")).

- $133 "consolidate court cost" (*See id.* § 133.102(a)(1) (Vernon Supp. 2012) (requiring that a person convicted of an offense shall pay as a court cost, in addition to all other costs, "consolidated court fees" in the amount of $133 on conviction of a felony).

The bill of costs also lists a sheriff's fee of $60. The record supports assessment of each of the costs constituting the sheriff's fee, as follows:

- $5 "commitment" and $5 "release" (*See id*. art. 102.011(a)(6) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 for commitment or release . . . .")); and

- $5 "arrest without warrant or capias" (*See id*. art. 102.011(a)(6) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 for commitment or release . . . .")).[5]

---

[5] In his Second Objection to the supplemental record, appellant contends that "the Code of Criminal Procedure mandates that there be a fee record for any Sheriff's costs." *See* TEX. CODE CRIM. PROC. ANN. art. 103.009 ("Each clerk of a court, county judge, justice of the peace, sheriff, constable, and marshal shall keep a fee record."). We addressed this argument on rehearing in *Cardenas.* There, as in this case, appellant "presents no authority that an article 103.009 fee record must be filed with a trial court to support the inclusion of a sheriff's fees among the costs of court chargeable to a defendant convicted of a crime." *Cardenas v. State*, 01-11-01123-CR, 2013 WL 1164365, at *6 n.10 (Tex. App.—Houston [1st Dist.] March 21, 2013, no pet. h.). In addition, as in *Cardenas*, appellant "also presents

6

- 50 "serving capias" (TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2) (Vernon Supp. 2012) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $50 for executing or processing an issued arrest warrant, capias, or capias pro fine. . . .")).

These fees and costs total $275, the amount ordered in the judgment. The bill of costs does not list attorney's fees as an assessed cost.

After the district clerk filed the supplemental record containing the bill of costs, we permitted the parties to file additional briefing. In his supplemental brief, appellant neither asserts that the costs assessed against him are not authorized by statute nor does he dispute that Texas law requires that he pay them. He also does not contend that the assessed costs are inapplicable to the underlying facts and circumstances of this case. Instead, appellant indicates that it was not appropriate for a bill of costs to be "created" after the trial court had rendered judgment.

Code of Criminal Procedure article 103.006 provides that "[i]f a criminal action . . . is appealed, an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE PROC. ANN. art. 103.006 (Vernon 2006). Pursuant to the language of article 103.006, a bill of costs shall be certified, signed, and sent on the appeal of a criminal action, which

---

no argument that the events described in the appellate record did not actually occur, or that the corresponding costs were not legally authorized or were inaccurately assessed." *Id.*

7

necessarily occurs after rendition of a final judgment. Thus, the statute appears to contemplate the creation of a bill of costs *after* rendition of the judgment; that is, at the time the judgment is appealed. *See Cardenas v. State*, 01-11-01123-CR, 2013 WL 1164365, at *4 (Tex. App.—Houston [1st Dist.] March 21, 2013, no pet. h.).

Appellant cites *Johnson v. State* for the proposition that a bill of costs must be created before rendition of judgment. 389 S.W.3d 513, 515 n.1 (Tex. App.—Houston [14th Dist.] 2012, pet. filed). In *Cardenas*, we distinguished *Johnson*, noting that the *Johnson* court had not addressed article 103.006 or Rules of Appellate Procedure 34.5 and 44.3, which permit supplementation of the record. *Cardenas*, 2013 WL 1164365, at *5.[6]

In addition, appellant contends that "the newly created bill of costs . . . violates" not only the holding in *Johnson* but also the following unpublished opinions: (1) *Tafolla v. State*, No. 06–12–00122–CR, 2012 WL 6632767 (Tex. App.—Texarkana Dec. 20, 2012, no pet.); (2) *Solomon v. State*, No. 04–12–00239–CR, 2012 WL 6604497 (Tex. App.—San Antonio Dec. 19, 2012, no. pet.); and (3) *Cuba v. State*, No. 06–12–00106–CR, 2012 WL 6152965 (Tex. App.—

---

[6] We also held in *Cardenas* that it is appropriate for an appellate court to order a supplemental record containing a bill of costs. We noted that "the rules of appellate procedure provide that '[a] court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities.'" 2013 WL 1164365, at *4 (citing TEX. R. APP. P. 44.3.). We further explained that we are specifically authorized to direct the trial court clerk to supplement the record with any relevant omitted item. *Id.* (citing TEX. R. APP. P. 34.5(c)(1), (3)).

8

Texarkana Dec 11, 2012, no pet.). However, as we explained in *Cardenas*, "[b]ecause we ordered the supplementation of the appellate record to request a bill of costs, the courts in *Johnson*, *Tafolla*, and *Solomon* confronted different procedural circumstances, and their reasoning is inapplicable to the circumstances before us." *Cardenas*, 2013 WL 1164365, at *7. The same can be said for the court in *Cuba*, 2012 WL 6152965, at *1. "To the extent any party to those cases may have requested, or those courts may have considered, the justifications for ordering a supplemental record as explained in this opinion, none of those courts explained why supplementation is not authorized by article 103.006 and appellate rules 34.5 and 44.3, as we believe it is." *Cardenas*, 2013 WL 1164365, at *7.

Appellant also contends that "[d]ue process is thwarted if the clerk can create a costs bill after the conviction and supplement the record with it." Appellant relies on the *Harrell v. State* in making this argument. 286 S.W.3d 315 (Tex. 2009). In *Cardenas*, we explained, "*Harrell* is procedurally distinguishable because it was a civil proceeding filed by a prison inmate who challenged the withdrawal of funds from his trust account to pay court costs, but did not challenge the amount of costs assessed." *Cardenas*, 2013 WL 1164365, at *5 (citing *Harrell*, 286 S.W.3d at 316–17). We acknowledged that an appellant in a direct criminal appeal, challenging the assessment of court costs, may raise the issue on appeal even though he did not make the objection in the trial court. *Id.* For this reason,

9

we stated that "Cardenas was not procedurally prejudiced by his alleged inability to raise his objections in the trial court." *Id.*

We also noted that there is a separate procedural avenue to seek correction of any error in the assessed costs. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 103.008(a) ("On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs.")). We explained that "*Harrell* did not address the article 103.008 procedure for correcting court costs. And in any case, that opinion does not purport to specify the only means by which a criminal defendant can contest an assessment of court costs." *Id.* In *Cardenas*, we held that an appellant's ability to contest the assessment of costs for the first time on appeal, and the availability of the article 103.008 review process, provide an appellant with adequate due process, irrespective of his alleged inability to object in the trial court to the specific fees identified in the later-generated bill of costs. *See id.*

Based on the reasoning in *Cardenas*, we hold that appellant has not been denied due process with respect to his ability to challenge the basis of the costs assessed in the judgment. *See id.* The supplemental record identifies the basis for the court costs, totaling $275, assessed in the judgment. The fees listed in the bill

10

of costs are statutorily mandated as discussed *supra*. Appellant does not contend that any of the fees are not applicable to the facts and circumstances of this case.[7]

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[7] In his supplemental brief, appellant asserts that "one objection [appellant] could have offered if he had been privy to the court costs bill when assessed was constitutionality of the $133 charge for the 'consolidate court cost.'" He asserts "such a constitutional challenge cannot be raised on appeal." As mentioned, the $133 fee is mandated by Local Government Code section 133.102(a)(1). That section is entitled "Consolidated Fees on Conviction" and provides, "A person convicted of an offense shall pay as a court cost, in addition to all other costs . . . $133 on conviction of a felony. *See* TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (Vernon Supp. 2012). Appellant was convicted of a felony and is thus required by statute to pay the $133 fee. The trial court's authority to assess the $133 fee as part of the court costs in the judgment is section 133.102(a)(1), mandating that appellant, a convicted felon, pay the fee, irrespective of whether the trial court had the costs bill in front of it when it rendered judgment. In any event, appellant has not briefed his constitutionality challenge to the $133 fee with sufficient specificity for us to evaluate either the preservation or the merits aspects of such challenge. *See* TEX. R. CIV. P. 38.1(i).