

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00240-CR

Dearion De'shon **DEWS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 7th District Court, Smith County, Texas
Trial Court No. 007-1089-11
Honorable Kerry L. Russell, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  July 10. 2013

AFFIRMED AS MODIFIED

Appellant Dearion De'shon Dews was indicted for the felony offense of attempted sexual assault.  Appellant pled not guilty and the case was tried to a jury.  The jury returned a verdict of guilty and assessed punishment at eight years' confinement in the Texas Department of Criminal Justice—Institutional Division and a $10,000.00 fine.  The trial court imposed court costs of $369.00 and ordered that the costs be withdrawn from Appellant's inmate trust account.  On appeal, Appellant argues that the trial court erred in imposing court costs not supported by a bill of costs and in ordering that court costs be withdrawn from his inmate trust account.  We modify

the trial court's judgment and order to withdraw funds to reflect court costs in the amount of $269.00, and we affirm them as modified.

## IMPOSITION OF COURT COSTS

From what we can discern from his brief, Appellant seems to challenge the sufficiency of the evidence supporting the court costs included in the trial court's judgment.[1] Appellant asserts that because the record contains no bill of costs, the trial court erred in imposing costs. After Appellant filed his brief, the State supplemented the appellate record with a bill of costs, which itemizes court costs of $369.00. The State concedes that the trial court's imposition of court costs includes an erroneous charge of $100.00. It requests we modify the judgment to reflect $269.00 in court costs.

### A. Standard of Review

"The obligation of a convicted person to pay court costs is established by statute." *Solomon v. State*, 392 S.W.3d 309, 310 (Tex. App.—San Antonio 2012, no pet.) (op. on reh'g) (citing TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006)). However, a trial court's imposition of court costs must be supported by sufficient evidence. *Id.*; *see Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010). "We review the sufficiency of the evidence to support the award of costs by viewing all record evidence in the light most favorable to the award." *Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *4 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no. pet. h.) (op. on reh'g); *accord Mayer*, 309 S.W.3d at 557; *Thomas v. State*, No. 01-12-00487-CR, 2013 WL 1163980, at *3 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet. h.). An appellant

---

[1] At one point in his brief, Appellant states that "the record does not contain any information from which the Court can determine the basis for the $369 imposed" and that "it then follows that the costs ordered in the withholding are without any legal or factual basis."

may raise the issue of insufficient evidence to support the trial court's assessment of court costs for the first time on appeal. *See Mayer*, 309 S.W.3d at 556; *Solomon*, 392 S.W.3d at 310.

## B. Analysis

A district court jury convicted Appellant of the felony offense of attempted sexual assault. *See* TEX. PENAL CODE ANN. §§ 15.01 (West 2011) (criminal attempt), 22.011(f) (sexual assault). The trial court's judgment assessed court costs in the amount of $369.00. The following fees and costs are legislatively mandated as a result of Appellant's conviction:

| | | |
|---|---|---|
| Jury Service Fee | $4.00 | Crim. Proc. art. 102.0045(a) |
| Clerk's Fee | $40.00 | Crim. Proc. art. 102.005(a) |
| Records Management Fee | $22.50 | Crim. Proc. art. 102.005(f)(1) |
| Records Management & Preservation Fee (District Court) | $2.50 | Crim. Proc. art. 102.005(f)(2) |
| Warrant Fee | $50.00 | Crim. Proc. art. 102.011(a)(2) |
| Technology Fee | $4.00 | Crim. Proc. art. 102.0169(a) |
| Courthouse Security Fee | $5.00 | Crim. Proc. art. 102.017(a) |
| Consolidated Court Fees | $133.00 | Loc. Gov't § 133.102(a)(1) |
| State Judiciary Fund Fee | $5.40 | Loc. Gov't § 133.105(a) |
| County Judiciary Fund Fee | $0.60 | Loc. Gov't § 133.105(b) |
| Indigent Defense Court Cost | $2.00 | Loc. Gov't § 133.107(a) |
| Total Costs | $269.00 | |

*See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West. Supp. 2012); *id.* arts. 102.005(a), 102.005(f)(1), 102.005(f)(2) (West 2006); *id.* arts. 102.011(a)(2), 102.0169(a), 102.017(a) (West Supp. 2012); TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2012); *id.* §§ 133.105(a), 133.105(b) (West 2008); *id.* § 133.107(a) (West Supp. 2012); *see also Cardenas*, 2013 WL 1164365, at *6; *Thomas*, 2013 WL 1163980, at *4. These fees and costs total $269.00. The State concedes that the trial court's assessment of court costs includes an erroneous charge of $100.00.

## C.  Conclusion

Viewing the evidence in the light most favorable to the award, we conclude that sufficient evidence supports the judgment awarding court costs in the amount of $269.00.  *See Mayer*, 309 S.W.3d at 557; *Solomon*, 392 S.W.3d at 310; *Cardenas*, 2013 WL 1164365, at *4; *Thomas*, 2013 WL 1163980, at *3.  Therefore, we modify the trial court's judgment to reflect court costs in the amount of $269.00.

### ORDER TO WITHDRAW FUNDS

Appellant also argues that the trial court erred in ordering that court costs be withdrawn from his inmate trust account.  Specifically, Appellant asserts that the withdrawal order violated his constitutional due process rights because without a bill of costs, he was not informed of the statutory basis for the withdrawal.

Article 103.001 of the Texas Code of Criminal Procedure provides that "[a] cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost."  TEX. CODE CRIM. PROC. ANN. art. 103.001; *accord Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.).  After Appellant filed his brief, the trial court clerk filed a supplemental clerk's record that contains a signed bill of costs.  Appellant did not file a reply brief or otherwise object to the accuracy or authenticity of the signed bill of costs.  Because the record now before us contains a bill of costs, Appellant's complaint that the withdrawal order is not supported by a signed bill of costs is moot.

However, the order to withdraw funds directs the Texas Department of Criminal Justice to withdraw the amount of $10,369.00—consisting of a $10,000.00 fine and $369.00 in court costs—from Appellant's inmate trust account.  Appellant does not contest the $10,000.00 fine.  As discussed herein, the imposition of court costs in the amount of $269.00 is supported by statute.

Accordingly, we modify the order to withdraw funds from Appellant's inmate trust account to reflect the amount of $10,269.00—consisting of a fine of $10,000.00 and court costs of $269.00.

## CONCLUSION

Viewed in the light most favorable to the award, the record provides a factual basis for the trial court's assessment of $269.00 in court costs.  Therefore, we modify the trial court's judgment and the order to withdraw funds to reflect court costs in the amount of $269.00 and we affirm them as modified.

Patricia O. Alvarez, Justice

DO NOT PUBLISH