

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00173-CR

Nicholas **MATA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR10744
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:　　Sandee Bryan Marion, Justice

Sitting:　　　Catherine Stone, Chief Justice
　　　　　　　Sandee Bryan Marion, Justice
　　　　　　　Patricia O. Alvarez, Justice

Delivered and Filed:　October 9, 2013

AFFIRMED AS REFORMED

　　　　A jury convicted Nicholas Mata, appellant, of indecency with a child by contact, enhanced

by a prior conviction of indecency with a child by exposure. The trial court found the enhancement

allegation "true" and sentenced appellant to life imprisonment and assessed $648.00 in court costs

and an undetermined amount of attorney fees against appellant. Appellant appeals his conviction,

asserting (1) the mandatory life sentence imposed violates the State and federal guarantees against

cruel and unusual punishment, and (2) the evidence is insufficient to support the specific dollar

amount of court costs assessed by the trial court and is insufficient to support the imposition of attorney's fees. We affirm as reformed.

## CRUEL AND UNUSUAL PUNISHMENT

In his first issue, appellant contends the mandatory life sentence imposed is grossly disproportionate to the gravity of the offense committed and violates the State and federal guarantees against cruel and unusual punishment.

Texas Penal Code section 12.42 provides for penalties for repeat and habitual felony offenders. TEX. PENAL CODE. ANN. § 12.42 (West 2011). Under the enhancement scheme of section 12.42(c)(2), a life sentence is mandatory if, as here, a defendant is convicted of indecency with a child and has a previous conviction for a sexual offense against a child. *Id*. § 12.42(c)(2); *see Scott v. State*, 55 S.W.3d 593, 595 (Tex. Crim. App. 2001).

To preserve a complaint for appellate review, a party must have presented to the trial court a timely objection, stating the specific grounds for the ruling sought. TEX. R. APP. P. 33.1(a). "It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). A disproportionality issue is waived if it is not raised in the trial court. *See Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *see also Chapman v. State*, 859 S.W.2d 509, 515 (Tex. App.—Houston [1st Dist.] 1993) ("Appellant did not raise the issue of the severity of his sentence either during the punishment phase of trial or in a motion for new trial, and therefore failed to preserve the complaint for appellate review."), *rev'd on other grounds*, 921 S.W.2d 694 (Tex. Crim. App. 1996). Appellant acknowledges he did not present a complaint to the trial court that his sentence was disproportionate and violates the State and federal guarantees against cruel and unusual

punishment. Because appellant did not present his disproportionality complaint to the trial court, we conclude he has not preserved the issue for our review.[1]

**COURT COSTS AND ATTORNEY'S FEES**

In his second issue, appellant asserts the evidence is insufficient to support the specific dollar amount of court costs assessed by the trial court and the evidence is insufficient to support the imposition of attorney's fees.

**A.     Bill of Costs**

Appellant argues the evidence is insufficient to order court costs because the record on appeal does not contain a bill of costs. The State argues that because the record has been supplemented with a bill of costs, there is now sufficient evidence to support the assessed court costs.

The Texas Code of Criminal Procedure authorizes the assessment of court costs against a convicted person. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006) (mandating judgments assessing punishment other than fines include costs). However, there must be sufficient evidence to support an imposition of costs. *Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010); *Solomon v. State*, 392 S.W.3d 309, 310 (Tex. App.—San Antonio 2012, no pet.). Therefore, we review the record to determine if there is any evidence to support the assessment of $684 in court costs.

---

[1] Moreover, "the Texas Court of Criminal Appeals has consistently held that a sentence falling within the statutorily prescribed range of punishment for a given offense does not violate the prohibition against cruel and unusual punishment." *Smith v. State*, 256 S.W.3d 341, 343 (Tex. App.—San Antonio 2007, no pet.) (citing *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983)). Here, the Legislature has specifically prescribed a statutorily required sentence of life for repeat offenders who commit sexual offenses against children and the Court of Criminal Appeals has upheld sentences assessed under this enhancement scheme. *See Ex parte White*, 211 S.W.3d 316 (Tex. Crim. App. 2007); *see also Griffith v. State*, 116 S.W.3d 782, 786 (Tex. Crim. App. 2003) (section 12.42(c)(2) "effectively creates a two-strikes policy for repeat sex offenders in Texas"); *Prudholm v. State*, 333 S.W.3d 590, 592 (Tex. Crim. App. 2011) (describing the statute's policy as "embodying the legislature's intent to treat repeat sex offenders more harshly than other repeat offenders").

The original clerk's record filed with this court did not contain a bill of costs. However, the State has filed a supplemental clerk's record containing a bill of costs assessing $684 in court costs and certified by the clerk of the Bexar County district courts as "a true and correct bill of costs due in this case on 7th of March, 2013." Therefore, our review of the record demonstrates there is sufficient evidence to support the trial court's assessment of $684 in court costs.

**B.      Attorney's Fees**

Appellant next argues the evidence is insufficient to support the imposition of attorney's fees because the record does not show his financial circumstances materially changed after a previous determination that he was indigent. The State responds appellant's claim regarding attorney's fees is not ripe for our review because none have been assessed yet and asserts appellant may later challenge the fees in a post-conviction writ once the attorney's fees are assessed against him.

We do not agree with the State's position that appellant's claim is not ripe for our review. We do not believe appellant must wait for a specific dollar amount to be charged against him in order to appeal the imposition of attorney's fees after conviction when, as here, his argument is that there is no evidence to support a finding that his financial circumstances materially changed after a determination of indigence such as to assess *any* amount of attorney's fees. The judgment expressly orders the payment of attorney's fees by appellant; accordingly, we will address appellant's issue on its merits.

"A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in [his] financial circumstances occurs." TEX. CODE CRIM. PROC. art. 26.04(p). A trial court may assess attorney's fees against a defendant who received court-appointed counsel if it determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services

provided. *See* TEX. CODE CRIM. PROC. art. 26.05(g). However, the record must demonstrate some factual basis to support that determination. *See Mayer*, 309 S.W.3d at 553; *Wolfe v. State*, 377 S.W.3d 141, 144 (Tex. App.—Amarillo 2012, no pet.).

Here, the record demonstrates appellant was represented by court-appointed counsel at trial and now on appeal. Criminal defendants do not receive court-appointed counsel unless they are found to be indigent. *See* TEX. CODE CRIM. PROC. art. 26.04 (procedures for appointing counsel for indigent defendants); BEXAR CNTY. CRIM. DIST. R. 5.16 (detailing the procedures and financial standards for determining whether a defendant is indigent); BEXAR CNTY. CRIM. DIST. R. 5.17 ("Attorneys shall be appointed to represent indigent defendants from public appointment lists . . . ."). Therefore, because appellant was represented by court-appointed counsel, there must have been an initial finding of indigence. Because a defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings and the trial court may assess attorney's fees against a defendant who received court-appointed counsel only if it determines a defendant has financial resources that enable him to offset in part or in whole the cost, the record must contain evidence of some change in appellant's financial resources that enables him to offset the costs of the legal services provided in order for the trial court's imposition of attorney's fees to be upheld. TEX. CODE CRIM. PROC. arts. 26.04(p), 26.05(g); *see Mayer*, 309 S.W.3d at 553.

Our review of the record reveals no evidence was presented demonstrating a change in appellant's financial circumstances since his initial finding of indigence to support the trial court's assessment of attorney's fees against him. The trial court was required to determine appellant had financial resources that enabled him to offset in part or in whole the costs of the legal services provided to him and that determination must be supported somewhere in the record. *See* TEX.

CODE CRIM. PROC. art. 26.05(g); *Mayer*, 309 S.W.3d at 553. Because we find no support, we reform the judgment to delete the imposition of attorney's fees. *See Solomon*, 392 S.W.3d at 311.

## CONCLUSION

We reform the trial court's judgment to delete the assessment of attorney's fees against appellant. The trial court's judgment is affirmed in all other respects.

Sandee Bryan Marion, Justice

Do not publish