

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00282-CR

Landon Louis **WICKER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR4528B
Honorable Ray Olivarri, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  December 20, 2013

MODIFIED; AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

Appellant pled no contest, pursuant to a plea bargain, to aggravated assault with a deadly weapon. The trial court assessed punishment at ten years' confinement. Appellant's court-appointed appellate attorney filed a brief containing a professional evaluation of the record and demonstrating there are no arguable grounds to be advanced. Counsel concludes the appeal is without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). Appellant was informed of his right to review the record and of his right to file a pro se brief. Although appellant was granted an extension of time in which to file a pro se brief, he has not done

so.  After reviewing the record and counsel's brief, we agree the appeal is frivolous and without merit.  Accordingly, we affirm the trial court's judgment, and we GRANT appellate counsel's motion to withdraw.[1] *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

However, although we affirm the trial court's judgment, we also conclude that with respect to the trial court's award of court costs plus attorney's fees, the trial court's judgment should be modified.  The record shows the trial court assessed attorney's fees despite its finding that appellant is indigent.[2]  The Bill of Costs indicates the amount of attorney's fees to be assessed against appellant is "TBD" ("to be determined").  The evidence in the record does not support a finding that appellant's ability to pay attorney's fees changed after the trial court first determined him to be indigent.  *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p) (West Supp. 2012); *Roberts v. State*, 327 S.W.3d 880, 883-84 (Tex. App.—Beaumont 2010, no pet.).  Therefore, we modify the judgment to delete the assessment of attorney's fees against appellant.  *See Solomon v. State*, 392 S.W.3d 309, 311 (Tex. App.—San Antonio 2012, no pet.).

We affirm the trial court's judgment as modified.

Sandee Bryan Marion, Justice

Do not publish

---

[1] No substitute counsel will be appointed.  *See In re Schulman*, 252 S.W.3d 403, 408 n.22 (Tex. Crim. App. 2008). Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3(a).  Any petition for discretionary review must comply with the requirements of Texas Rules of Appellate Procedure 68.4.

[2] Appellant's trial counsel and appellate counsel were both appointed.  The trial court also granted appellant's pre-trial motion to appoint an investigator based on appellant's indigence.