In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00487-CR
_____

RODNEY COVINGTON, Appellant

V.

STATE OF TEXAS, Appellee

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CR29574**

**MEMORANDUM OPINION**

Appellant Rodney Covington appeals from the trial court's revocation of his community supervision and adjudication of guilt. We affirm the trial court's judgment.

**Background**

Pursuant to a plea bargain agreement, Covington entered a plea of guilty to the offense of attempted aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. §§ 15.01, 22.02(a)(2) (West 2011). The trial court found the evidence

sufficient to find Covington guilty, but deferred further proceedings, and placed him on community supervision for five years.

The State subsequently filed a motion to revoke Covington's unadjudicated community supervision alleging he committed six violations of the terms of his community supervision. Covington pled "true" to one of the allegations, but pled "not true" to the remaining five allegations. After an evidentiary hearing concerning the State's allegations, the court found that Covington violated four additional conditions of his community supervision. At the conclusion of the revocation hearing, the trial court found that Covington violated five of the conditions of his community supervision, revoked his community supervision, found Covington guilty of attempted aggravated assault with a deadly weapon, and assessed punishment at six years of confinement. Covington filed his notice of appeal on October 30, 2013.

## Attorney's Fees

In his first and second issues, Covington argues that the judgment adjudicating guilt should be modified to delete any assessment of attorney's fees since Covington is indigent and there is insufficient evidence for the court to assess attorney's fees against him. The State denies error as the trial court did not assess attorney's fees, and no attorney's fees are reflected in the judgment. The State

explains that although the district clerk initially included an assessment of attorney's fees in its calculations, such inclusion was erroneous, and the clerk has since corrected that error. We agree with the State.

The Judgment Adjudicating Guilt indicates that the trial court did not assess attorney's fees against Covington. Further, the trial court did not orally assess attorney's fees during the revocation hearing. Initially, the district clerk attached a document to the judgment entitled "FELONY COURT COST LIBERTY COUNTY, TEXAS FOR PETITION TO REVOKE", which included a notation that the original fees assessed included $900 for attorney's fees which, when combined with other fees, totaled $1,026. However, later the district clerk filed a bill of costs, which shows that the $900 attorney fee was waived. Having found that no attorney's fees have been assessed in this case against Covington, we overrule Covington's first and second issues on appeal.

## Court Costs

In his third issue, Covington argues the trial court erred in assessing court costs in the judgment adjudicating guilt. Specifically, Covington argues that the judgment should be modified to remove $298 imposed as court costs when he was first placed on probation. We note that the judgment adjudicating guilt does not specify an amount of court costs due; rather, the judgment indicates that the court

costs are "[a]s assessed [b]y [t]he District Clerk's Office[.]" In the felony court cost sheet identified above and attached to the judgment, the district clerk noted that Covington was originally assessed $298 in court costs. The State contends that the court costs assessed against Covington are statutorily authorized and valid. We agree with the State.

In our review of the trial court's assessment of court costs, we need not determine if there was sufficient evidence offered at trial to prove each cost assessed; rather, we need only determine whether the record reflects a basis for the assessed costs. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Court costs listed in a certified bill of costs need not be orally pronounced or incorporated by reference in the judgment to be effective. *Id.* at 389. Generally, a bill of costs must contain the items of cost, be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and is certified. *Id.* at 392; *see* Tex. Code Crim. Proc. Ann. art. 103.001 (West 2006). "[A] certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment." *Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.). A defendant who desires to challenge a specific item on the bill of costs may file a motion to challenge said item within one year after the date of the

4

final disposition of the case in which the costs were imposed. Tex. Code Crim. Proc. Ann. art. 103.008 (West 2006).

Covington has not filed a motion under article 103.008 and on appeal does not challenge any item on the bill of costs as being unauthorized by statute. He offers no evidence to call into question the accuracy of any of the charges reflected in the bill of costs or the accuracy of the accounting provided by the district clerk. Covington does, however, argue that because these costs were assessed when he was placed on probation, it was part of his community supervision and not his sentence, and thus was "erased once his probation was revoked" unless the State offered evidence at the hearing of his failure to pay the costs. Covington cites no authority to support his contention that revocation of his community supervision discharges his obligation to pay court costs, which are otherwise statutorily authorized. *See id.* art 42.16 (providing that if punishment is anything other than a fine, trial courts are required to "adjudge the costs against the defendant, and order the collection" of the costs in the judgment); *see also Solomon v. State*, 392 S.W.3d 309, 310 (Tex. App.—San Antonio 2012, no pet.) ("The obligation of a convicted person to pay court costs is established by statute."); *Johnson*, 423 S.W.3d at 389 (explaining that trial court may only assess statutorily authorized court costs against a criminal defendant).

5

On December 16, 2013, the Liberty County District Clerk supplemented the record in this case with a bill of costs. The bill of costs includes an itemized list of court costs totaling $357.[1] After accounting for payments made by Covington, the bill of cost indicates a balance of $126 remains. The district clerk signed and certified that the bill of cost reflected a truthful and correct accounting of the costs associated with Covington's cause of action.

We reject Covington's unsupported argument that his obligation to pay the court costs imposed by the trial court when he was originally placed on community supervision was discharged when the trial court later revoked his community supervision.[2] We conclude that the bill of costs provides some basis in the record

---

[1] The Bill of Cost itemizes the following court costs charged to Covington: Criminal Consolidated Court Cost$133; Judicial Support Fee—$6; Jury Reimbursement Fund—$4; Indigent Defense Code—$2; Court Records Preservation Acct—$4; Criminal Clerk Fee—$40; Criminal Preservation—$22.50; Criminal Security—$5; Criminal Sheriff Fee—$15; Criminal DC Preservation Fee—$2.50; Sheriff Approving Bond—$10; Time Payment—$25; DNA Probation —$34; Copy/Criminal Case—$4; Crim Capias Ret—$50.

[2] We note that three recent, unpublished opinions from this Court reject an argument identical to the one Covington now makes. *See Collazo v. State,* No. 09-13-00458-CR, 2014 WL _____, at ** ____ (Tex. App.—Beaumont June 25, 2014, no pet. h.) (mem. op., not designated for publication); *Edwards v. State*, Nos. 09-13-00360-CR, 09-13-00361-CR, 2014 WL 1400747, at **3-4 (Tex. App.— Beaumont Apr. 9, 2014, no pet.) (mem. op., not designated for publication); *Beard v. State*, Nos. 09-13-00391-CR, 09-13-00392-CR, 2013 WL 6705981, at **2-3 (Tex. App.—Beaumont Dec. 18, 2013, no pet.) (mem. op., not designated for publication).

to support the trial court's assessment of court costs against Covington as determined by the district clerk. *See Johnson*, 423 S.W.3d at 396 ("Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient."). We, therefore, overrule Covington's third issue. Having overruled all of Covington's issues, we affirm the trial court's judgment.

  AFFIRMED.

               _____
                CHARLES KREGER
                  Justice

Submitted on April 9, 2014
Opinion Delivered July 9, 2014
Do not publish

Before Kreger, Horton and Johnson, JJ.