ACCEPTED
12-15-00049-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/8/2015 12:28:00 PM
CATHY LUSK
CLERK

**12-15-00049-CR**

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS

5/8/2015 12:28:00 PM

CATHY S. LUSK
Clerk

**VALERIE SALYARDS GILMORE**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

FILED

5/8/2015

Twelfth Court of Appeals
Cathy Lusk
Clerk

On Appeal from the Seventh District Court of Smith County, Texas
Trial Cause No. 007-1439-14

**ORAL ARGUMENT NOT REQUESTED**

Austin Reeve Jackson
Texas Bar No. 24046139
JLawAppeals@gmail.com
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

# IDENTITY OF PARTIES AND COUNSEL

## Attorney for Appellant

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
John Jarvis
326 S. Fannin
Tyler, TX 75702

## Attorney for the State

Mr. Michael West
Smith County ADA
100 N. Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................... ii

TABLE OF CONTENTS ............................................................................................... iii

INDEX OF AUTHORITIES ........................................................................................ iv

STATEMENT OF THE CASE ...................................................................................... 2

ISSUES PRESENTED .................................................................................................. 2

STATEMENT OF FACTS ............................................................................................ 2

SUMMARY OF THE ARGUMENT ............................................................................ 3

ARGUMENT ............................................................................................................... 3

    I.    **THE TRIAL COURT ERRED IN ORDERING FUNDS TO BE WITHHELD FROM MS. GILMORE'S INMATE TRUST ACCOUNT IN AN AMOUNT NOT SUPPORTED BY A PROPER BILL OF COSTS** ................................................................ 3

        The Court Has Ordered the Withholding of Mr. Pendergrass' Inmate Trust Funds in an Amount Not Supported by the Record ............................... 4

CONCLUSION AND PRAYER ................................................................................... 5

CERTIFICATE OF SERVICE ..................................................................................... 5

CERTIFICATE OF COMPLIANCE ............................................................................ 6

# INDEX OF AUTHORITIES

## TEXAS SUPREME COURT AND COURT OF CRIMINAL APPEALS:

*Armstrong v. State,*
    240 S.W.3d 759 (Tex.Crim.App. 2011) ...................................................... 3, 4

*Harrell v. State,*
    286 S.W.3d 315 (Tex. 2009) ....................................................................... 4

*Johnson v. State,*
    423 S.W.3d 385 (Tex.Crim.App. 2014) ..................................................... 5 n.2

*Weir v. State,*
    278 S.W.3d 364 (Tex.Crim.App. 2009) ...................................................... 3


## TEXAS COURTS OF APPEAL:

*Johnson v. State,*
    389 S.W.3d 513 (Tex.App.—Houston [14th Dist.] 2012) ............................ 5

*Owen v. State,*
    352 S.W.3d 542 (Tex.App.—Amarillo 2011) .............................................. 3-4

*Snelson v. State,*
    326 S.W.3d 754 (Tex.App.—Amarillo 2010) .............................................. 4

*Solomon v. State,*
    392 S.W.3d 309 (Tex.App.—San Antonio 2012) ........................................ 5

*Williams v. State,*
    322 S.W.3d 301 (Tex.App.—Amarillo 2010) .............................................. 4

*Williams v. State,*
    332 S.W.3d 694 (Tex.App.—Amarillo 2011) .............................................. 4

## STATUTES:

TEX. CONST. art. I § 9 ........................................................................... 4

TEX. GOV'T CODE § 102.021 ................................................................. 3

TEX. GOV'T CODE § 103.001 .............................................................. 3, 4

TEX. GOV'T CODE § 501.014(e) ......................................................... 4 n.1

U.S. CONST. AMEND. XIV ...................................................................... 4

**12-15-00049-CR**

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**VALERIE SALYARDS GILMORE**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the Seventh District Court of Smith County, Texas
Trial Cause No. 007-1439-14

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Austin Reeve Jackson, attorney for Valerie Gilmore, and files this brief pursuant to the TEXAS RULES OF APPELLATE PROCEDURE, and would show the Court as follows:

## STATEMENT OF THE CASE

Valerie Gilmore seeks to appeal her conviction and sentence for the offense of possession of a controlled substance. (I CR 54). Ms. Gilmore was indicted for this offense in November of last year in the Seventh District Court of Smith County. (I CR 1). To this charge she entered an open plea of "guilty" before the court. (I CR 54). After accepting the plea the trial judge sentenced Ms. Gilmore to serve a term of eight year's confinement. (*Id*.). Sentence was pronounced on 20 February 2015 and notice of appeal then timely filed. (I CR 54, 59).

## ISSUE PRESENTED

**I.      THE TRIAL COURT ERRED IN ORDERING FUNDS TO BE WITHHELD FROM MS. GILMORE'S INMATE TRUST ACCOUNT IN AN AMOUNT NOT SUPPORTED BY A PROPER BILL OF COSTS.**

## STATEMENT OF FACTS

In February of this year Appellant, Ms. Valerie Gilmore, entered a plea of "guilty" to the felony offense of possession of a controlled substance. (I CR 54). This plea was made without the benefit of a plea agreement. (*Id*.). After accepting her plea and considering evidence at a sentencing hearing, the trial court sentenced Ms. Gilmore to serve a term of eight years' confinement. (*Id*). Sentence was pronounced on 20 February 2015 and notice of appeal then timely filed. (I CR 54, 59).

## SUMMARY OF THE ARGUMENT

A defendant has a due process right to be informed as to the basis of any imposed costs of court. To satisfy this right, the District Clerk, in accordance with Article 103.0001 of the Texas Code of Criminal Procedure, is to prepare a written bill of costs before the same can be taxed against a defendant. Because the amount ordered as court costs in the instant case is not supported by the required bill of costs, the Court should modify the judgment and delete those costs not supported by the record before it.

## ARGUMENT

**I.    THE TRIAL COURT ERRED IN ORDERING FUNDS TO BE WITHHELD FROM MS. GILMORE'S INMATE TRUST ACCOUNT IN AN AMOUNT NOT SUPPORTED BY A PROPER BILL OF COSTS.**

By law, a sentencing court shall impose the legislatively mandated, statutory costs at the time a defendant is convicted. *Armstrong v. State*, 340 S.W.3d 759 (Tex.Crim.App. 2011); TEX. GOV'T CODE § 102.021. However, the costs, which are not punitive in nature, do not have to be included in the oral pronouncement of sentence. *Weir v. State*, 278 S.W.3d 364, 367 (Tex.Crim.App. 2009). In fact, "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment of the cost." TEX. CODE CRIM. PROC. art. 103.001. That is, until a certified bill of costs has been made part of the record, a defendant has no obligation to pay court costs. *Owen v. State*, 352 S.W.3d 542, 547

3

(Tex.App.—Amarillo 2011) (*citing Armstrong*, 340 S.W.3d at 765; *Williams v. State*, 332 S.W.3d 694, 699 (Tex.App.—Amarillo 2011, pet. denied).

<u>The Court Has Ordered the Withholding of Ms. Gilmore's Inmate Trust Funds in an Amount Not Supported by the Record.</u>

Although one was requested to be made part of the record (I CR 57), in the case before the Court the record contains no certified bill of costs as required by Article 103.001 of the Code of Criminal Procedure. (I CR *gen*.). However, the trial court has in it's judgment, and in an order attached thereto, directed TDCJ to withdraw from Ms. Gilmore's inmate trust account "[c]ourt costs, fees and/or fines and/or restitution in the amount of $344.00."[1] (I CR 54, 56). Such an order is valid only if issued in such a way as to ensure constitutional due process to a defendant. *Harrell v. State*, 286 S.W.3d 315, 320 (Tex. 2009); U.S. CONST. amend. XIV; TEX. CONST. art. I § 19. Due process requires, in part, that an inmate be informed of the statutory basis of the withdrawal. *Id*. at 321; *Snelson v. State*, 326 S.W.3d 754, 756 (Tex.App.—Amarillo 2010, no pet.); *Williams v. State*, 322 S.W.3d 301 (Tex.App.—Amarillo 2010, no pet.). This is because a defendant has a right to challenge whether those costs were correctly assessed. *See, gen., Williams*, 332 S.W.3d 694 (defendant challenging inclusion of court appointed attorney fees in bill of costs). Thus, without the bill of costs, Ms. Gilmore is subject to an order that violates his right to due process and which has no basis in fact.

Where an appellate court cannot determine from the record the statutory basis for costs imposed against a defendant it should modify the trial court judgment to delete any

---

[1] Section 501.014(e) of the Texas Government Code statutorily authorizes these withdrawal orders.

4

unsupported costs.[2] *Solomon v. State*, 392 S.W.3d 309 (Tex.App.—San Antonio 2012); *Johnson v. State*, 389 S.W.3d 513 (Tex.App.—Houston [14th Dist.] 2012). Therefore, it is prayed that, because the record does not contain any information from which the Court can determine the basis for the costs imposed that it delete those costs from the trial court's withholding order.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, counsel prays that because there is no bill of costs to support the imposed costs of court, that the Court modify the underlying withholding order to delete those costs not supported by the record.

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by facsimile on this the 6th day of March 2014.

/s/ Austin Reeve Jackson

---

[2] The State or Court on its own motion may also seek supplementation of the record with a proper Bill of Costs. *Johnson v. State*, 423 S.W.3d 385, 395-96 (Tex.Crim.App. 2014) (holding that there must be an evidentiary basis, from a formal bill or otherwise, from which the Court can determine whether the amount ordered as costs is correct).

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 1,107 words.

/s/ Austin Reeve Jackson