

# IN THE
# TENTH COURT OF APPEALS

—————————

**No. 10-19-00407-CR**
**No. 10-19-00408-CR**
**No. 10-19-00409-CR**

**IN RE MARCUS CAIN**

—————————

**Original Proceeding**

———————————————————————————

# OPINION

———————————————————————————

In a document received on October 23, 2019 and filed on November 18, 2019, Marcus Cain presented to this Court what this Court determined to be three mandamus proceedings. The underlying complaint in all three proceedings concerns the withdrawal of court costs from Cain's inmate account. As the Court understands Cain's complaints, Cain contends that the trial court cannot order withholdings to be made from Cain's inmate account on judgments that have been discharged. Cain specifically asserts that the judgments in these proceedings have each been discharged. The Court notes that based on the dates the sentences were imposed and the length of each sentence, it does appear

that each judgment could be discharged.

The Court requested a response from the State to these mandamus proceedings.

In a well-reasoned and comprehensive response, the State explained:

> When a court costs [sic] or fee becomes uncollectable is governed by Article 103.0081 of the Texas Code of Criminal Procedure. That section gives the collecting officer the discretion to have the trial court find that the fees or costs are uncollectable based on one of three circumstances: (1) the defendant is deceased; (2) the defendant is serving a sentence for imprisonment for life or life without parole; or (3) the fee has been unpaid for at least 15 years. Tex. Code Crim. Pro. Ann. art. 103.0081. The language of 103.0081 is permissive in that "Any officer authorized by this chapter to collect a fee or item of cost may request the trial court in which a criminal action or proceeding was held to make a finding that a fee or item of cost imposed in the action or proceeding is uncollectible" if one of the three circumstances exists. Tex. Code Crim. Pro. Ann. art. 103.0081. It also gives discretion to the trial court in deciding whether to issue an order based on the finding. Tex. Code Crim. Pro. Ann. art. 103.0081(b). The obligation of a convicted person to pay court costs is established by statute. *Solomon v. State*, 392 S.W.3d 309, 310 (Tex. App.—San Antonio 2012, no pet.). Court costs are not part of the guilt or sentence of a criminal defendant, nor must they be proven at trial; rather, they are "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Because court costs are not part of a defendant's sentence whether or not the sentence has been served and discharged is irrelevant to a defendant's obligation to pay those costs. Additionally, any argument that the court costs are uncollectable based on the discharge of a sentence would conflict with the Code of Criminal Procedure statute regarding when a cost becomes uncollectable.

> The State would also note that Petitioner has not included any specific authority in his petition that would show that he has a clear right to relief. The State is unable to locate any case or statute that applies to criminal court costs and restricts the ability to collect those costs based on the discharging of a sentence.

After reviewing the mandamus petitions, the State's response, and the case and statutory authority cited by the State, we conclude that because the obligation of a

convicted person to pay court costs is established by statute, court costs are not part of a defendant's sentence, and the Code of Criminal Procedure provides the means and reasons to declare court costs uncollectable, the discharge of a criminal sentence does not, by itself, discharge the court costs owed by a defendant.

Accordingly, Cain's petitions for writ of mandamus are denied.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Petitions denied
Opinion delivered and filed January 29, 2020
Publish
[OT06]

