**Opinion issued December 10, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00584-CR

———————————

**JOSHUA ALPHONSE CONNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Court Case No. 12-13686**

---

## O P I N I O N

A trial court found Joshua Conner guilty of robbery and assessed punishment at twenty years' confinement after Conner pleaded true to violating the terms of a deferred adjudication agreement. The trial court's judgment assessed a fine of $1,000, $910 in administrative fees, and $623 in court costs. On appeal,

Conner contends that the judgment should be modified (1) to delete the $1,000 fine, (2) to credit Conner for time served in a substance abuse treatment facility from July 11, 2012 to January 2, 2013, (3) to delete the administrative fees, and (4) to reduce the court costs. The State concurs with Conner's first two issues. We modify the judgment and affirm the trial court's judgment as modified.

## Background

In April 2012, Joshua Conner pleaded guilty to robbery. At a sentencing hearing, the trial court deferred adjudication of guilt, placed Conner on deferred adjudication community supervision for seven years, and assessed a fine of $1,000. The trial court ordered that Conner serve a term of confinement and treatment in a substance abuse facility as well as an after–care treatment plan. In April 2013, the State moved to revoke the community supervision, alleging that Conner failed to complete the after–care treatment plan. In May 2013, the State amended its motion to add the allegation that Conner committed the offense of failure to identify to a police officer. At the June 2013 revocation hearing, Conner pleaded true to both allegations. The trial court found Conner guilty of robbery. The court assessed punishment at twenty years' confinement but did not orally pronounce a fine. The trial court's judgment, however, assessed a fine of $1,000, $910 in administrative fees, and $623 in court costs.

**Discussion**

Conner contends that the judgment should be modified (1) to delete the $1,000 fine, (2) to credit Conner for time served in a substance abuse treatment facility from July 11, 2012 to January 2, 2013, (3) to delete the administrative fees, and (4) to reduce the court costs. The State agrees with Conner on issues (1) and (2) but disagrees with Conner on issues (3) and (4). We modify the judgment to delete the $1,000 fine and to credit Conner for time served in a substance abuse treatment facility from July 11, 2012 to January 2, 2013. We address whether sufficient evidence supports the trial court's assessment of administrative fees and court costs.

*Standard of Review*

We review the sufficiency of the evidence to support the trial court's assessment of administrative fees and court costs by viewing all record evidence in the light most favorable to the judgment. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, 403 S.W.3d 377, 382 (Tex. App.— Houston [1st Dist.] 2013, pet. granted).

*Analysis*

In a revocation of community supervision, a trial court "shall enter the amount of restitution or reparation owed by the defendant on the date of revocation." TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(a) (West 2006). Here,

3

the trial court assessed $910 in administrative fees and $623 in court costs against Conner.

Conner first contends that the State did not prove that he willfully failed to pay the administrative fees imposed under the deferred adjudication agreement or the court costs related to his sentencing hearing. The State, however, did not have this burden of proof because its basis for revocation was not that Conner willfully failed to pay these fees and costs. Rather, the State based its motion for revocation on Conner's failure to complete the after–care treatment plan and his failure to identify to a police officer.

Conner next contends that insufficient evidence supports the trial court's implied finding that he failed to pay the administrative fees imposed under the deferred adjudication agreement and the court costs related to his sentencing hearing. The trial court's Revocation Restitution/Reparation Balance Sheet, however, reflects that Conner owed these costs at the time of the judgment. Conner proffers no evidence that he paid any of these fees or costs. The balance sheet provides sufficient evidence that Conner owed $910 in administrative fees and $623 in court costs. *See Strother v. State*, No. 14-12-00599-CR, 2013 WL 4511360, at *3 (Tex. App.—Houston [14th Dist.] Aug. 22, 2013, pet. filed) (mem. op., not designated for publication) (holding that Revocation

4

Restitution/Reparation Balance Sheet provided sufficient evidence that defendant owed administrative fees).

Conner alternatively asserts that the supervision fees[1] should be reduced from $360 to $90 because he spent only one and a half months completely out of custody—the remainder he spent in a substance abuse treatment facility or an after–care treatment facility.[2] Nothing in the deferred adjudication agreement, however, suggests that supervision fees accrue only while Conner is out of custody. The supervision fees accrued for over five months.[3] Sufficient evidence thus supports the trial court's assessment of $360, or six months' worth of supervision fees.

---

[1] The supervision fees are included in the administrative fees.

[2] Under the deferred adjudication agreement, Conner is obligated to pay $60 per month in supervision fees.

[3] The trial court waived the supervision fees until January 2, 2013, and Conner's revocation hearing took place on June 3, 2013.

**Conclusion**

Because sufficient evidence supports the trial court's assessment of $910 in administrative fees and $623 in court costs, we do not modify that portion of the judgment. But we modify the judgment to delete the $1,000 fine and to credit Conner for time served in a substance abuse treatment facility from July 11, 2012 to January 2, 2013. Accordingly, we affirm the judgment as modified.



Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Publish. *See* TEX. R. APP. P. 47.2(b).