In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00360-CR
NO. 09-13-00361-CR

_____

**AARON DARNELL EDWARDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 12-14364 and 12-14436**

**MEMORANDUM OPINION**

Aaron Darnell Edwards appeals in two different cases from the revocation of his deferred adjudication community supervision. He raises issues relating to administrative fees and court costs. We affirm the trial court's judgment in each case.

1

## Background

Edwards pleaded guilty to two offenses—burglary of a building and unauthorized use of a motor vehicle. The trial court deferred adjudication of guilt in each offense and placed Edwards on community supervision. Court costs and administrative fees were assessed in connection with the deferred adjudication orders, which included the terms of community supervision.

The State later filed a motion to revoke in each case. Edwards pleaded "true" to two of the alleged violations. The trial court revoked the supervision, adjudicated guilt, and sentenced Edwards to two years in jail in each case, the sentences to run concurrently. Court costs and administrative fees were assessed in the unauthorized-use-of-a-vehicle judgment, and court costs alone were assessed in the burglary-of-a-building judgment.[1] In Cause No. 12-14364 (unauthorized use of a motor vehicle), the record contains a Restitution/Reparation Balance Sheet setting forth court costs and the administrative balances, as itemized below:

---

[1]Various Texas statutes set out the fees and costs associated with a criminal proceeding; those provisions do not reference the defendant's ability to pay, and Edwards does not contend he cannot pay. *See* Tex. Gov't Code Ann. § 102.021 (West Supp. 2013), § 103.021 (West 2013); Tex. Code Crim. Proc. Ann. arts. 102.001-102.072 (West 2006 & Supp. 2013), art. 42.12, §§ 9, 19(a) (West Supp. 2013).

| | | |
|---|---|---|
| A. Supervision Fees | Amount Owed: | $720.00 |
| B. Assessment | Amount Owed: | $ 0.00 |
| C. Bmt CS Fee | Amount Owed: | $ 50.00 |
| D. Post-PSI Fee | Amount Owed: | $500.00 |
| E. Fine | Amount Owed: | TBD |
| F. Court Cost | Amount Owed: | $299.00 |
| G. Attorney Fee | Amount Owed: | I |
| H. Arthur Louis | Amount Owed: | $250.00 |
| I. Trans Fee | Amount Owed: | $ 0.00 |
| J. Credit Card Fee | Amount Owed: | $ 0.00 |
| K. Revocation Court Costs | Amount Owed | $324.00 |

. . .

| | |
|---|---|
| Administrative Balance: | $1520.00 |
| Grand Total Balance: | $2143.00 |
| Court Costs: | $ 623.00 |

In Cause No. 12-14436 (burglary of a building), the record contains a Restitution/Reparation Balance Sheet which includes the following administrative financial obligations:

| | | |
|---|---|---|
| A. Fine | Amount Owed: | TBD |
| B. Court Cost | Amount Owed: | $ 299.00 |
| C. Trans Fee | Amount Owed: | $ 0.00 |
| D. Credit Card Fee | Amount Owed: | $ 0.00 |
| E. Revocation Court Costs | Amount Owed: | $ 324.00 |

. . .

| | |
|---|---|
| Administrative Balance: | $ 0.00 |
| Grand Total Balance: | $ 623.00 |
| Court Costs: | $ 623.00 |

## Sufficiency Challenge

On appeal, Edwards contends the evidence is insufficient to prove he owes the court costs in Cause No. 12-14436 and the administrative fees and court costs in Cause No. 12-14364, and he contends that each should be deleted from the judgments.[2] In considering the sufficiency of the evidence to support awards of administrative fees and costs, we view all of the evidence in the light most favorable to the award. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).

## Fees

In issue one, Edwards challenges the administrative fees imposed on him in Cause No. 12-14364 (unauthorized use of a motor vehicle). Edwards does not contest the trial court's authority to include "such fees in a probation judgment[.]"

---

[2]There may also be a procedural default in the instant case because Edwards did not file an appeal of the deferred adjudication orders. He waited to raise the issues about the administrative fees and court costs until his appeals from the judgments revoking his community supervision and adjudicating guilt. In *Wiley v. State*, the Court of Criminal Appeals found that a procedural default barred the challenge by an indigent defendant to attorney fees ordered by the judgment because he failed to bring the issue as a claim in a direct appeal from the order originally imposing community supervision. *See Wiley v. State*, 410 S.W.3d 313 (Tex. Crim. App. 2013). Relying on *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999), the Court held that Wiley forfeited the issue. *Wiley*, 410 S.W.3d at 318-19. However, we determine it is unnecessary to further examine the existence of procedural default in this matter because we conclude there is sufficient evidence to support the fees and costs.

Essentially, he argues that he cannot be required to pay the administrative fees because, once revocation occurred, the terms of his community supervision were erased unless the State offered sufficient evidence at the revocation hearing that he violated the supervision terms by failing to pay those fees.

A defendant's community supervision may be revoked on various grounds, including the failure to pay the administrative fees; proof of a single violation is sufficient to support an order revoking community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)). The State's amended motion to revoke community supervision in each case contained an allegation of failure to pay the various fees, along with two other alleged violations of the supervision orders. Edwards pleaded "true" to the two other violations.

We find no authority, and Edwards cites to none, for the proposition that a defendant's responsibility to pay the fees arises only if the State alleges the failure to pay as a ground for revocation. With the exception of legal fees, trial courts routinely assess court costs and administrative fees against indigent defendants. *See, e.g., Armstrong v. State,* 340 S.W.3d 759, 766-67 (Tex. Crim. App. 2011); *Beard v. State*, No. 09-13-00391-CR and No. 09-13-00392-CR, 2013 Tex. App. LEXIS 15168, at **5-8 (Tex. App.—Beaumont Dec. 18, 2013, no pet.) (mem. op.)

5

(unpublished opinion); *Conner v. State*, No. 01-13-00584-CR, 2013 Tex. App. LEXIS 14855, at **3-4 (Tex. App.—Houston [1st Dist.] Dec. 10, 2013, no pet.); *Tanton v. State*, No. 13-11-00631-CR, 2012 Tex. App. LEXIS 6866, at *4 (Tex. App.—Corpus Christi Aug. 16, 2012, no pet.) (mem. op.) (unpublished opinion); *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied) (affirming trial court's deletion of attorney's fees from indigent defendant's bill of costs and allowance of other costs and fees unrelated to attorney's fees). Moreover, "[l]egislatively mandated fees and costs . . . do not need to be included in the oral pronouncement of sentence or in the written judgment in order to be imposed upon a convicted defendant." *Owen v. State*, 352 S.W.3d 542, 546 (Tex. App.—Amarillo 2011, no pet.) (citing *Armstrong*, 340 S.W.3d at 766-67).

The appellate record in Cause No. 12-14364 includes the deferred adjudication order which sets out the administrative fees. The Code of Criminal Procedure provides that when the trial court revokes community supervision, the court "shall enter the amount of restitution or reparation owed by the defendant on the date of revocation[.]" Tex. Code Crim. Proc. Ann. art. 42.12 § 23(a) (West Supp. 2013). The judgment dated August 5, 2013, in Cause No. 12-14364 contains language setting forth the amount of restitution and reparation owed by the

6

defendant on the date of revocation. The total of the administrative fees is stated as $1,520.

The record also contains a document entitled "Revocation Restitution/Reparation Balance Sheet," signed by the bookkeeper on August 6, 2013, one day after the written judgment. The balance sheet, like the judgment itself, reflects a total of $1,520 in administrative fees, itemized as follows: supervision fees--$720.00, "Post-PSI" fee--$500.00, Crime Stoppers fee--$50.00, and Arthur Louis's fee--$250.00. Like the clerk's record (which contains a document ordering payment to Arthur Louis),[3] the reporter's record reflects that Edwards received mentoring from Arthur Louis, as required by the deferred adjudication order. The record also reflects that Edwards was on community supervision for the twelve month period from August 2012 to August 2013, thereby accruing supervision fees of $720. The Crime Stoppers fee and the PSI report fee are expressly authorized by statute. *See* Tex. Gov't Code Ann. § 103.021(6) (West 2013) (Crime Stoppers); Tex. Code Crim. Proc. Ann. art. 42.12, § 9 (PSI report).

Edwards offered no evidence to contradict the balance sheet or to otherwise call into doubt the reliability of the information therein. We conclude that the

---

[3]In this record, "Louis" is sometimes spelled "Lewis."

7

record, including the balance sheet in Cause No. 12-14364, provides sufficient evidence that Edwards owed $1,520 in administrative fees. Accordingly, we overrule issue one. *See, e.g., Conner*, 2013 Tex. App. LEXIS 14855, at **2-4 (fees supported by balance sheet); *Strother v. State*, No. 14-12-00599-CR, 2013 Tex. App. LEXIS 10606, at **10-11 (Tex. App.—Houston [14th Dist.] Aug. 22, 2013, pet. ref'd) (mem. op.) (unpublished opinion).

## Court Costs

In issues two and three, Edwards argues that the State did not prove by a preponderance of the evidence that he failed to pay the court costs the trial court ordered him to pay when it placed him on community supervision in each case. He does not challenge the revocation court costs. As we noted in issue one with the administrative fees, Edwards cites no authority to support his specific argument that the trial court's revocation of community supervision ended his obligation to pay court costs assessed when he was placed on community supervision. *See* Tex. R. App. P. 38.1(i).

"The obligation of a convicted person to pay court costs is established by statute." *Solomon v. State*, 392 S.W.3d 309, 310 (Tex. App.—San Antonio 2012, no pet.); *see, e.g.,* Tex. Gov't Code Ann. §§ 102.001-102.142 (West 2013 & Supp. 2013) (setting forth various court costs that a convicted person "shall" pay). The

8

Code of Criminal Procedure mandates that judgments of conviction assess costs against the defendant. *See* Tex. Code Crim. Proc. Ann. art. 42.16 (West 2006); *see also Johnson v. State*, No. PD-0193-13, 2014 Tex. Crim. App. LEXIS 240, at *3 (Tex. Crim. App. Feb. 26, 2014). "Only statutorily authorized court costs may be assessed against a criminal defendant[.]" *Johnson*, 2014 Tex. Crim. App. LEXIS 240, at **5-6 (citation omitted). Court costs are not part of the defendant's guilt or sentence, and they do not have to be proved at trial; instead, they "are 'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'" *Id*. at *8 (quoting *Armstrong,* 340 S.W.3d at 767). "[W]e review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Id.*

"A clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement." *Owen*, 352 S.W.3d at 547. A cost is payable by the person charged with the cost when a written bill is produced containing the items of the cost and signed by the officer who charged the cost or who is entitled to receive payment for the cost. *See* Tex. Code Crim. Proc. Ann. art. 103.001 (West 2006). The county treasurer and the

9

community supervision and corrections department are authorized to collect such funds. *Id*. art. 103.003(b) (West Supp. 2013). "[A] certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment." *Owen*, 352 S.W.3d at 547 (citing Tex. Code Crim. Proc. Ann. arts. 103.001 and 103.003 (West 2006)); *see Williams*, 332 S.W.3d at 700.

In Edwards' underlying cases, an itemized bill of costs (filed the same day as the deferred adjudication order) accompanies each deferred adjudication order. Each bill of costs reflects court costs of $299.00. The costs from the deferred adjudication proceedings are again reflected in the balance sheet and in the bill of costs filed in conjunction with the judgment revoking the community supervision and adjudicating guilt in each case, and these documents reflect a basis for each cost. Moreover, as with the administrative fees, Edwards offered no evidence to contradict the balance sheet or to otherwise call into doubt the basis of the costs or the reliability of the information in the document. *See Strother*, 2013 Tex. App. LEXIS 10606, at *11; *see also* Tex. R. App. P. 38.3, 38.7. Edwards failed to challenge the correctness of any specific cost listed in the bills of costs. *See* Tex. R. App. P. 38.3, 38.7. We decline to undertake any further review of the correctness of each cost charged in the bill of costs when he has not specified which item he

10

challenges and the basis for his challenge. *See Johnson*, 2014 Tex. Crim. App. LEXIS 240, at \*26 ("Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient."); *Houston v. State*, 410 S.W.3d 475, 479-80 (Tex. App.—Fort Worth 2013, no pet.).[4]

Therefore, after viewing the record in each case, we conclude that the Revocation Restitution/Reparation Balance Sheets and the bills of costs in Cause Nos. 12-14364 and 12-14436 provide a sufficient basis for the assessment of costs. *See Johnson*, 2014 Tex. Crim. App. LEXIS 240, at \*\*3-6; *Mayer*, 309 S.W.3d at 557; *Conner*, 2013 Tex. App. LEXIS 14855, at \*\*2-4; *Dodd v. State*, No.13-11-00421-CR, 2012 Tex. App. LEXIS 2250, at \*\*6-8 (Tex. App.—Corpus Christi Mar. 22, 2012, no pet.) (mem. op.) (unpublished opinion); *see also*, *e.g.*, *Williams*, 332 S.W.3d at 700 (affirming trial court's deletion of attorney fees from indigent defendant's bill of costs and allowance of other costs and fees unrelated to attorney fees). We overrule issues two and three.

Having overruled each issue raised by Edwards, we affirm the trial court's judgments in Cause Nos. 12-14364 and 12-14436.

AFFIRMED.

---

[4]Generally a defendant who desires to challenge any specific item on the bill of costs may file a motion under article 103.008 of the Code of Criminal Procedure not later than one year after the date of final disposition of the case. *See* Tex. Code Crim. Proc. Ann. art. 103.008 (West 2006).

_____
LEANNE JOHNSON
Justice

Submitted on January 2, 2014
Opinion Delivered April 9, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.