In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00458-CR
_____

JOHN GABRIEL COLLAZO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 14-14223

## MEMORANDUM OPINION

Appellant John Gabriel Collazo appeals from his conviction for unauthorized use of a vehicle. In two issues, Collazo challenges the sufficiency of the evidence supporting the trial court's assessment of administrative fees and certain court costs and, in the alternative, argues that even if the evidence is sufficient to support these fees and costs, the trial court waived Collazo's obligation to pay them by virtue of certain comments made by the trial court during the hearing on the State's motion to revoke his unadjudicated community supervision. We affirm the trial court's judgment.

1

## Background

Pursuant to a plea bargain agreement, Collazo entered a plea of guilty to the offense of unauthorized use of a vehicle, a state jail felony. *See* Tex. Penal Code Ann. § 31.07 (West 2011). The trial court found the evidence sufficient to find Collazo guilty, but deferred further proceedings, placed Collazo on community supervision for five years, and ordered Collazo to pay a fine of $500.

The State subsequently filed a motion to revoke Collazo's unadjudicated community supervision. The motion to revoke alleged that Collazo violated the terms of his community supervision by: (1) committing the offense of aggravated assault (count one); (2) failing to report to the Jefferson County Community Supervision and Corrections Department on two occasions (count two); (3) failing to immediately report his change of address (count three); (4) failing to provide verification that he completed community service hours (count four); and (5) failing to pay fees assessed in his deferred adjudication order (count five). During the revocation hearing, Collazo pleaded "not true" to count one, but pleaded "true" to counts two, three, and four. The trial court did not request, and Collazo did not enter, a plea to count five of the motion to revoke. Following the entry of Collazo's pleas, the trial court heard evidence regarding the State's allegations of aggravated assault in count one of the motion to revoke.

At the conclusion of the revocation hearing, the trial court found the evidence sufficient to find counts one, two, three, and four of the motion to revoke to be true. The trial court revoked Collazo's unadjudicated community supervision, found him guilty of unauthorized use of a vehicle, and sentenced him to two years in state jail. The trial court's judgment adjudicating guilt assessed administrative fees in the amount of $1,342 and court costs in the amount of $628. Collazo timely filed a notice of appeal.

**Administrative Fees**

In his first issue, Collazo challenges the sufficiency of the evidence to support the trial court's assessment of $1,342 in administrative fees. Specifically, Collazo argues that the administrative fees assessed by the trial court were originally ordered as conditions of his community supervision, and once revocation occurred, the terms of his community supervision, including the administrative fees, were "erased" unless the State presented sufficient evidence at the revocation hearing to prove that he owed such fees. We review the sufficiency of the evidence to support a trial court's assessment of administrative fees by viewing all of the evidence in the light most favorable to the award. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).

In its deferred adjudication order, the trial court ordered Collazo to pay supervision fees of $60 per month, a crime stoppers fee of $50, and a post-sentence

3

investigation (PSI) fee of $500. In its subsequent judgment adjudicating guilt, the trial court ordered Collazo to pay $1,342 in administrative fees, which consisted of a balance of $792 in accrued supervision fees, the original $50 crime stoppers fee, and the original $500 PSI fee. The Texas Code of Criminal Procedure requires a judge granting community supervision to fix a fee of not less than $25 or more than $60 per month to be paid during the period of community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 19(a) (West Supp. 2013). In addition, the Texas Code of Criminal Procedure authorizes a trial court to order a pre-sentence or post-sentence investigation. *See id.* art. 42.12, § 9. A trial court, therefore, may order a defendant on community supervision to pay the amount expended for preparing a pre- or post-sentence investigation report. *See Gipson v. State*, No. PD–0377–13, 2014 WL 1464846, at *1 n.1 (Tex. Crim. App. Apr. 16, 2014) (Alcala, J. concurring); *Tovar v. State*, 777 S.W.2d 481, 495 (Tex. App.—Corpus Christi 1989, pet. ref'd) (citing prior version of Tex. Code Crim. Proc. Ann. art. 42.12). A trial court granting community supervision may also assess a fee of up to $50 payable to a crime stoppers organization. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 11(21); Tex. Gov't Code Ann. § 103.021(6) (West 2013). The fees assessed by the trial court in the present case were, therefore, authorized by statute.[1] Collazo cites no authority to support his contention that revocation of his

_____

[1] Collazo concedes in his brief that the trial court was authorized to assess

community supervision ended his obligation to pay these administrative fees. *See* Tex. R. App. P. 38.1(i). We conclude that Collazo's obligation to pay the administrative fees imposed by the trial court when he was originally placed on community supervision was not discharged when the trial court later revoked his community supervision. *See Conner v. State*, 418 S.W.3d 742, 744 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (concluding that defendant owed administrative fees originally imposed in deferred adjudication order, even though State did not plead or prove at the revocation hearing that defendant violated the terms of his community supervision by failing to pay such administrative fees).[2]

Further, we find that the record contains sufficient evidence to establish that Collazo owed the administrative fees assessed in the trial court's judgment. As noted, the record contains a copy of the trial court's deferred adjudication order, which required Collazo to pay: (1) supervision fees in the amount of $60 per month, (2) a crime stoppers fee of $50, and (3) a PSI fee of $500. The record also includes a copy of the trial court's judgment adjudicating guilt, which assessed

these fees in its deferred adjudication order.

[2] We note that two recent, unpublished opinions from this Court reject an argument identical to the one Collazo now makes. *See Edwards v. State*, Nos. 09-13-00360-CR, 09-13-00361-CR, 2014 WL 1400747, at **1-3 (Tex. App.—Beaumont Apr. 9, 2014, no pet. h.) (mem. op., not designated for publication); *Beard v. State*, Nos. 09-13-00391-CR, 09-13-00392-CR, 2013 WL 6705981, at **2-3 (Tex. App.—Beaumont Dec. 18, 2013, no pet.) (mem. op., not designated for publication).

$1,342 in administrative fees against Collazo. Accompanying the judgment is a document entitled "Revocation Restitution/Reparation Balance Sheet," which was signed by the bookkeeper on the same day that the judgment was entered and sets forth an itemized account of the administrative fees assessed by the trial court. The Revocation Restitution/Reparation Balance Sheet indicates that at the time of judgment, Collazo owed a balance of accrued supervision fees of $792, the original $50 crime stoppers fee, and the original $500 PSI fee. These amounts total $1,342. Collazo presented no evidence showing that he had previously paid any of these fees or that the amounts listed in the Revocation Restitution/Reparation Balance Sheet are otherwise incorrect. Viewing the evidence in the light most favorable to the award of fees, we conclude that the record, including the Revocation Restitution/Reparation Balance Sheet, contains sufficient evidence that Collazo owed $1,342 in administrative fees at the time of judgment. *See Conner*, 418 S.W.3d at 744 (concluding that Revocation Restitution/Reparation Balance Sheet provided sufficient evidence that defendant owed administrative fees).

## Court Costs

In issue two, Collazo challenges the sufficiency of the evidence to support the trial court's assessment of $628 in court costs. Similar to his argument concerning administrative fees, Collazo argues that his obligation to pay the court costs assessed when he was placed on community supervision ended when the trial

6

court revoked his community supervision unless the State presented sufficient evidence at the revocation hearing to establish that he owed such costs. Collazo does not challenge the trial court's assessment of $329 in revocation court costs; his complaints relate only to the $299 in court costs assessed when he was originally placed on community supervision. Once again, Collazo cites no authority to support his argument that the trial court's revocation of community supervision discharged his obligation to pay court costs assessed when he was originally placed on community supervision. *See* Tex. R. App. P. 38.1(i).

"The obligation of a convicted person to pay court costs is established by statute." *Solomon v. State*, 392 S.W.3d 309, 310 (Tex. App.—San Antonio 2012, no pet.); *see, e.g.*, Tex. Gov't Code Ann. §§ 102.001-.142 (West 2013 & Supp. 2013) (setting forth various court costs that a convicted person "shall" pay). The Code of Criminal Procedure mandates that judgments of conviction assess costs against the defendant. *See* Tex. Code Crim. Proc. Ann. art. 42.15 (West Supp. 2013), art. 42.16 (West 2006); *see also Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). "Only statutorily authorized court costs may be assessed against a criminal defendant[.]" *Johnson*, 423 S.W.3d at 389. "[C]ourt costs are not part of the guilt or sentence of a criminal defendant, nor must they be proven at trial; rather, they are 'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'" *Id.* at 390 (quoting *Armstrong*

7

*v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)). Therefore, a reviewing court must "review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost[.]" *Id.*

A clerk of a court is required to keep a fee record, and a statement of an item in the fee record is prima facie evidence of the correctness of the statement. Tex. Code Crim. Proc. Ann. art. 103.009(a), (c) (West 2006); *see also Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.). A cost is payable by the person charged with the cost when a written bill is produced containing the items of the cost and signed by the officer who charged the cost or who is entitled to receive payment for the cost. *See* Tex. Code Crim. Proc. Ann. art. 103.001 (West 2006). The community supervision and corrections department and the county treasurer are authorized to collect such funds. *Id*. art. 103.003(b) (West Supp. 2013).

In the present case, the record contains a bill of costs filed on the same date as the deferred adjudication order. This bill of costs reflects court costs in the amount of $299 and contains an itemization of the specific costs assessed. In addition, as noted above, the record contains a Revocation Restitution/Reparation Balance Sheet, which also reflects $299 in court costs from the deferred adjudication proceedings. Collazo offered no evidence to contradict the

8

Revocation Restitution/Reparation Balance Sheet or to otherwise call into doubt the basis of the costs or the reliability of the information contained in that document. Further, Collazo failed to challenge the correctness of any specific cost listed in the bill of costs. We decline to undertake any further review of the correctness of each cost charged in the bill of costs when Collazo has not identified a specific item that he challenges or the basis for such challenge. *See Johnson*, 423 S.W.3d at 396 ("Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient."). Viewing the record in its entirety, we conclude that the record, including the Revocation Restitution/Reparation Balance Sheet and the bill of costs, provide a sufficient basis for the trial court's assessment of costs. *See id.*; *Conner*, 418 S.W.3d at 744.

## Waiver of Administrative Fees and Court Costs

Collazo argues that even if we conclude that the evidence is sufficient to support the trial court's award of administrative fees and court costs, he nevertheless should not be required to pay these fees and costs because the trial court waived his obligation to pay them during the revocation hearing. Collazo points to the following colloquy, which occurred between the trial judge and Collazo during the revocation hearing:

> THE COURT: The motion [to revoke] states that on the 6th day of August, 2012, that you were placed on probation for unauthorized use of a motor vehicle. I found the evidence to be sufficient to find you guilty, deferred the finding, placed you on

9

probation for a five-year period. Count 1 says you committed the offense of aggravated assault on or about the 26th day of June, 2013, in Jefferson County. Is that true or not true?

THE DEFENDANT: Not true.

THE COURT: Count 2 says you failed to report to the probation department on or about May 21st, 2013, and June 6th, 2013. True or not true?

THE DEFENDANT: True.

THE COURT: Count 3 says you failed to immediately report to the probation department your change of address. True or not true?

THE DEFENDANT: True.

THE COURT: Count 4 says you failed to provide verification of performing your community service hours. True or not true?

THE DEFENDANT: True.

THE COURT: Forget about money. And you have pled true to Counts 2, 3, and 4 freely and voluntarily?

THE DEFENDANT: Yes, sir.

Collazo argues that the trial court's statement, "Forget about money[,]" constitutes a waiver of his obligation to pay the administrative fees and court costs associated with his community supervision. We disagree.

Count five of the motion to revoke alleged that Collazo failed to pay fees assessed in his deferred adjudication order. Given Collazo's pleas of "true" to counts two through four, each of which was sufficient, standing alone, to justify

revocation of Collazo's community supervision, *see Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979), and given the fact that the trial court was preparing to proceed with an evidentiary hearing on the allegations of aggravated assault contained in count one of the State's motion to revoke, we find, on this record, that the trial court's statement, "Forget about money[,]" merely reflects the trial court's decision to abandon a request for a plea to count five and instead, focus on the other counts as the basis for revoking Collazo's community supervision. As the State argues in its brief, "[t]he fact that the trial court abandoned inquiry into an administrative probation violation is not the same thing as waiving the underlying obligation." We conclude that the trial court did not waive Collazo's obligation to pay the administrative fees and court costs associated with his community supervision.

We overrule Collazo's first and second points of error and affirm the judgment of the trial court.

AFFIRMED .

_____
CHARLES KREGER
Justice

Submitted on April 9, 2014
Opinion Delivered June 25, 2014
Do not publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

11