

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00559-CR

PAUL BARTON STEEN II                                                         APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1149522D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Paul Barton Steen II appeals the trial court's judgment ordering him to pay community-supervision fees and requests the deletion of such fees because the trial court failed to find Appellant owed the fees and because the State failed to show by a preponderance of the evidence that Appellant owed the fees. We affirm.

---

[1]See Tex. R. App. P. 47.4.

## I. BACKGROUND

On November 30, 2009, Appellant pleaded guilty to injury to a child. *See* Tex. Penal Code Ann. § 22.04 (West Supp. 2014). Following Appellant's open guilty plea, the trial court deferred adjudicating his guilt and placed Appellant on five years' community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2014). One of the community-supervision conditions required Appellant to pay several community-supervision fees: a $60 monthly-supervision fee; a $20 Crime Stoppers fee; and the cost of periodic drug testing. *See id.* §§ 5(a), 11(a), 19(a) (West Supp. 2014).

On June 7, 2012, the State filed a motion to proceed to adjudication, alleging that Appellant violated five community-supervision conditions, including payment of community-supervision fees. On November 8, 2013, Appellant pleaded true to all of the violations except the failure to pay community-supervision fees. On November 11, the State filed a signed and certified "Bill of Cost" listing "Reparation (Probation Fees)" as $2,507. On November 12, the trial court "signed and entered" a judgment revoking Appellant's community supervision, adjudicating him guilty of injury to a child, sentencing him to twelve years' confinement, and ordering him to pay $2,507 in reparations.

## II. DISCUSSION

In one issue, Appellant argues that the reparations amount should be deleted from the judgment because the trial court did not specifically find that he failed to pay the community-supervision fees and because there was insufficient

2

evidence to support a finding that he failed to pay or that he owed the ordered amount.

## A. SPECIFIC FINDING OF NONPAYMENT

First, Appellant argues that the reparations should be deleted from the judgment because the trial court did not make a specific finding that he had not paid the community-supervision fees. Appellant pleaded true to four other community-supervision violations, which were unrelated to his nonpayment of community-supervision fees. Each of these undisputed violations was sufficient to support the revocation of his community supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Stafford v. State*, 487 S.W.2d 337, 338 (Tex. Crim. App. 1972). Therefore, it was unnecessary for the court to make a specific finding that Appellant failed to pay his community-supervision fees. *Cf.* Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (West Supp. 2014) (requiring proof by a preponderance of the evidence of failure to pay community-supervision fees if failure to pay is only alleged violation in petition to revoke).

## B. SUFFICIENT SUPPORTING EVIDENCE

Appellant also argues that "[t]here was simply no evidence presented to show that [he] failed to pay probation fees at all, much less a specific amount." Appellant seems to argue that the State had to prove nonpayment by a preponderance of the evidence.

3

Community-supervision fees are mandated by statute and must be included in the judgment upon revocation of community supervision.  Tex. Code Crim. Proc. Ann. arts. 42.03, § 2(b) & 42.12, §§ 19(a), 23(a) (West Supp. 2014); *see also Edwards v. State*, Nos. 09-13-00360-CR, 09-13-00361-CR, 2014 WL 1400747, at *2–3 (Tex. App.—Beaumont Apr. 9, 2014, no pet.) (mem. op., not designated for publication) (upholding reparations for unpaid community-supervision fees when deferred-adjudication order set out fees and record included balance sheet setting out owed fees). Appellant was aware of the amount of community-supervision fees ordered because the specific amounts were included in the judgment deferring adjudication of his guilt and placing him on community supervision.  The certified bill of cost, included in the record of this case, showing Appellant owed $2,507 in community-supervision fees at the time of the revocation hearing, was enough to support inclusion in the judgment of $2,507 in statutorily-authorized, community-supervision fees.  *E.g.*, *Collazo v. State*, No. 09-13-00458-CR, 2014 WL 2922243, at *3 (Tex. App.—Beaumont June 25, 2014, no pet.) (mem. op., not designated for publication); *Edwards*, 2014 WL 1400747, at *2–3; *Conner v. State*, 418 S.W.3d 742, 744 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Strother v. State*, No. 14-12-00599-CV, 2013 WL 4511360, at *3–4 (Tex. App.—Houston [14th Dist.] Aug. 22, 2013, pet. ref'd) (mem. op., not designated for publication); *cf. Johnson v. State*, 423 S.W.3d 385, 395–96 (Tex. Crim. App. 2014) ("[A]lthough a bill of costs is not required to

sustain statutorily authorized and assessed court costs, it is the most expedient, and therefore, preferable method.").  We overrule Appellant's issue.

## III.  CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.


/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 28, 2014