

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00079-CR

_____

MYRANDA LEE SEFCIK, Appellant

V.

THE STATE OF TEXAS

On Appeal from the County Court of
Young County, Texas
Trial Court No. 37824

Before Sudderth, C.J.; Pittman and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Myranda Lee Sefcik appeals her conviction for possession of two ounces or less of marijuana, for which she was sentenced to 180 days' confinement and was ordered to pay a $500 fine and various costs and fees upon the revocation of her deferred adjudication community supervision. *See* Tex. Health & Safety Code Ann. § 481.121(a), (b)(1) (stating that possession of marijuana is a class B misdemeanor if the amount possessed is two ounces or less); Tex. Penal Code Ann. § 12.22 (stating that a person adjudged guilty of a class B misdemeanor shall be punished by a fine not to exceed $2,000, confinement in jail for a term not to exceed 180 days, or both).

Appellant's court-appointed appellate counsel filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. Appellant had the opportunity to file a pro se response to the *Anders* brief but has not done so. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort

2

Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We asked the clerk to supplement the record with the statutory citations supporting each fee listed in the bill of costs.

We note that when guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including any previously imposed fines. *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.) (citing *Taylor v. State*, 131 S.W.3d 497, 501–02 (Tex. Crim. App. 2004)). At the revocation hearing, however, the trial court sentenced Sefcik to 180 days' confinement and added, "All the fines and fees will run concurrent with that sentence." The trial court's order adjudicating guilt clarified that in addition to her 180-day sentence, Sefcik would be assessed "the balance of probation fees of $720.00, a fine of $500.00, Court appointed Attorney fees in the amount of $300.00, Court Costs in the amount of $306.00, and UA fee of $10.00."

In the supplemental record, the clerk cited code of criminal procedure article 42A.652 in support of the $720 "probation cost." Under article 42A.652, a judge who grants community supervision shall set a fee of not less than $25 and not more than $60 to be paid by the defendant each month "during the period of community supervision." Tex. Code Crim. Proc. Ann. art. 42A.652(a). "In all revocations of a suspension of the imposition of a sentence the judge shall enter the restitution *due and*

3

*owing on the date of the revocation.*" *Id.* art. 42.03, § 2(b) (emphasis added); *Conner v. State*, 418 S.W.3d 742, 745 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("The supervision fees accrued for over five months. Sufficient evidence thus supports the trial court's assessment of $360, or six months' worth of supervision fees." (footnote omitted)); *see also McKinney v. State*, No. 02-12-00479-CR, 2014 WL 1510095, at *1–2 (Tex. App.—Fort Worth Apr. 14, 2014, pet. ref'd) (mem. op., not designated for publication) (holding that when the record contained (1) a condition of community supervision requiring the $60 monthly supervision fee; (2) the period of time during which appellant was on supervision, which was 13 months; and (3) testimony that appellant had paid only one month's fee, the record supported the assessment of $720 in unpaid supervision fees).

The terms and conditions of Sefcik's community supervision included paying $60 per month to cover the costs of supervision, to be paid "on or before the report date of each month." The record reflects that Sefcik was on community supervision for five months before it was revoked; accordingly, the amount of probation supervision fees that she owed at the time of revocation totaled $300. The record reflects that she paid only $51. Less the $51 that Sefcik paid, the amount of supervision fees that she owed at the time of revocation should have been $249 since, after her conviction, she was no longer "during the period of community supervision," *see* Tex. Code Crim. Proc. Ann. art. 42A.652(a), and any fee in excess of that amount was not "due and owing *on the date of the revocation.*" *See id.* art. 42.03,

4

§ 2(b) (emphasis added); *see also Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (stating that "[o]nly statutorily authorized costs may be assessed against a criminal defendant"). We reform the judgment and bill of costs to reflect that Sefcik owed only $249 in probation fees.

Sefcik was also incorrectly billed $5 instead of $3 for a courthouse security fee; a county court misdemeanor conviction fee for courthouse security is only $3. *See* Tex. Code Crim. Proc. Ann. art. 102.017(b); *see also Johnson*, 423 S.W.3d at 389. We reform the bill of costs to reflect that Sefcik owed only $3 for her courthouse security fee, making her total court costs $303.[1]

And we remove the $300 attorney's fee charge because the record reflects that Sefcik was indigent from the case's inception through the appeal and nothing in the record supports a determination that she had the financial resources to enable her to offset in part or in whole the costs of legal services provided to her. *See* Tex. Code Crim. Proc. Ann. arts. 26.04(m), 26.05(f), (g); *see also Johnson*, 423 S.W.3d at 389

---

[1]Notwithstanding that the clerk listed the incorrect code section to support the $10 "UA Cost," under code of criminal procedure article 42A.301(a)(13), the trial court could require, as a condition of community supervision, that Sefcik be tested for controlled substances, and #13 of her conditions of community supervision required her to "submit to urinalysis for drug . . . screening *at the defendant's own expense* at the request of the Young County probation officer." [Emphasis added.] The record reflects that Sefcik incurred that cost on September 25, 2017. Because Sefcik was on notice about this fee when her community supervision was revoked, we will not disturb this portion of the trial court's judgment. For the same reason, we do not disturb the $500 fine that the trial court initially assessed when it entered the order of deferred adjudication and then renewed upon her conviction and sentencing.

(identifying attorney's fees as a discretionary cost that requires the court to determine, under code of criminal procedure article 26.05(g), whether a criminal defendant has financial resources that enable her to offset in part or in whole the costs of the legal services provided); *McFatridge v. State*, 309 S.W.3d 1, 6 (Tex. Crim. App. 2010) (providing that after a defendant establishes a prima facie showing of indigency, an appellate court can uphold the trial court's determination of non-indigence only if the record contains evidence supporting that determination); *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.) (requiring that some factual basis in the record show that an accused is capable of paying a legal fee levied under article 26.05(g)).

Notwithstanding the above corrections, we otherwise agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

Accordingly, we grant counsel's motion to withdraw and reform the judgment and bill of costs to (1) correct the $720 probation fee amount to $249, (2) remove the $300 charge for appointed counsel fees, and (3) replace the $5 charge for the courthouse security fee with the correct $3 charge. We affirm the trial court's judgment and bill of costs as modified. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.).

                                            /s/ Bonnie Sudderth
                                            Bonnie Sudderth
                                            Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 28, 2019