

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00048-CR

_____

ELIJAH RAY FOY, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1492984D

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Elijah Ray Foy raises three points on appeal from a judgment adjudicating him guilty of injury to a child. His complaints concern a fine and fees assessed in the judgment, and attorneys' fees included in an Order to Withdraw Funds incorporated into the judgment, rather than the merits of his conviction and four-year sentence. Because we hold that the fine was improperly assessed in the judgment and that the attorney's fees were improperly included in the Order to Withdraw Funds, but that the record shows a basis for imposition of the remaining fees in the judgment, we modify the judgment to delete the fine and affirm it as modified, and we modify the incorporated Order to Withdraw Funds to show a balance of zero.

## II. BACKGROUND

A grand jury indicted Foy for two counts of aggravated sexual assault of a child under fourteen, one count of indecency with a child, and one count of injury to a child. *See* Tex. Penal Code Ann. §§ 21.11(a)(1), (c)(1), 22.021(a)(1)(B), (a)(2)(b), 22.04(a)(3), (f). Foy later agreed to a plea bargain, pursuant to which the State waived the two aggravated-sexual-assault counts and the indecency count in exchange for Foy's guilty plea to the injury-to-a-child count. In accordance with the plea bargain, the trial court placed Foy on deferred adjudication community supervision for five years, assessed a $500 fine, and ordered Foy to comply with standard community supervision conditions as well as special sex offender conditions. As part of the

2

standard conditions, the trial court ordered Foy to pay a $60 per month supervision fee to the Community Supervision and Corrections Department of Tarrant County (CSCD) and to submit to and pay for alcohol and drug testing. As part of the sex offender conditions, the trial court ordered Foy to pay a $5 per month "sex offender fee"; to pay for all costs of sex offender evaluation, counseling, treatment, and aftercare; to submit to and pay for alcohol testing; and to submit a blood sample to the Texas Department of Public Safety and "[p]ay any and all costs associated with the submission of blood or other specimens."

In September 2020, the State filed a Petition to Proceed to Adjudication, alleging that Foy had violated six conditions of his community supervision. Foy pleaded true to five of the alleged violations, and in March 2021, the trial court revoked his community supervision and adjudicated him guilty of injury to a child. In the judgment, the trial court assessed a $409 fine, court costs of $314,[1] and $1,350 as reparations. The judgment assessed reimbursement fees of $5,970 but also stated that those fees would be waived. The judgment incorporates an Order to Withdraw Funds,[2] which orders the Inmate Trust Department of the Texas Department of Criminal Justice to withdraw a total of $5,970 from Foy's inmate trust account.

---

[1]Foy does not challenge the court costs on appeal.

[2]Although the trial court may title its notice to the Texas Department of Criminal Justice an order, the controlling statute describes it as a notification that amounts were assessed in a prior order. *See* Tex. Gov't Code Ann. § 501.014(e);

3

The record contains a March 4, 2021 List of Fee Breakdowns from the Tarrant County District Clerk, which shows a $6,693 balance remaining for Foy: court costs of $314, fines of $409, and attorney's fees of $5,970. Next to the attorney's fees line is a handwritten note: "waived per crt." A line item for "Due to CSCD Remaining" shows "0.00."

Also in the record is a balance sheet from CSCD. It lists the $1,350 as the sum total of the following administrative fees: "Due to CSCD - LAB FEE $30.00"; "Due to CSCD - LAB FEE- BOND $90.00"; "Due to CSCD - SPECIAL FEE FOR SEX OFFENDERS $290.00"; and "PROBATION FEES $940." Handwritten underneath those specifically listed fees are the following notes: "orig fine . . . $409"; "orig crt cost . . $314"; and "Attorney fees remaining $5970.00." Nothing on the balance sheet indicates to whom the handwritten items are payable.

On appeal, Foy challenges the imposition of the $409 fine and $1,350 reparations in the judgment and the inclusion of the $5,970 in the Order to Withdraw Funds.

### III. DISCUSSION

#### A. Fine and Attorney's Fees

The State concedes that the trial court improperly included the fine in the judgment. The State is correct. A fine, as part of the defendant's sentence, must be

---

*Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009); *Maldonado v. State*, 360 S.W.3d 10, 12 n.3 (Tex. App.—Amarillo 2010, no pet.).

orally pronounced to be properly included in the judgment. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011); *see Taylor v. State*, 131 S.W.3d 497, 500–02 (Tex. Crim. App. 2004). Sentence is not imposed in deferred adjudication cases until the trial court adjudicates guilt; thus, in those cases, the trial court must orally pronounce the fine when adjudicating guilt. *Taylor*, 131 S.W.3d at 502. Here, because the trial court did not orally pronounce the fine when adjudicating Foy guilty, the trial court improperly included the fine in the judgment. *See id.*

The State likewise concedes that the $5,970 reimbursement fee was improperly included in the Order to Withdraw Funds. Again, we agree with the State. The Order to Withdraw funds commanded Foy to repay the $5,970 that had been assessed as attorney's fees. However, the final judgment expressly waived the requirement that Foy repay the $5,970. Therefore, the Order to Withdraw Funds improperly ordered that amount to be withdrawn from Foy's inmate account. *See* Tex. Gov't Code Ann. § 501.014(e) (providing that upon proper notification Department of Criminal Justice must withdraw from inmate trust account "any amount the inmate *is ordered to pay* by order of the court under this subsection" (emphasis added)).

Therefore, we sustain Foy's first two points.

## B. Amounts Due to CSCD

In his third point, Foy argues that the trial court violated his due process right by imposing $1,350 in reparations in the judgment. In part of his challenge, Foy re-urges an argument that we have repeatedly rejected—that monthly community

5

supervision fees and amounts due to CSCD cannot be included in the definition of reparations—and he specifically asks us to overrule our prior precedent in *Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd). We have recently reaffirmed our refusal to overrule *Zamarripa*, as well as other precedent rejecting this very argument. *See Turner v. State*, No. 02-21-00058-CR, 2022 WL 123220, at *6-7 (Tex. App.—Fort Worth Jan. 13, 2022, no pet. h.) (also declining to follow contrary precedent from other intermediate appellate courts). Thus, we overrule Foy's general challenge to the $1,350 assessed as reparations.

Foy does, however, challenge the trial court's imposition of the $290 "Due to CSCD - SPECIAL FEE FOR SEX OFFENDERS." According to Foy, that fee is not authorized because he was not convicted of an offense for which he was required to register as a sex offender.

When addressing a complaint about the assessment of administrative fees or costs in a judgment, we review the record to determine only whether a basis to support the award exists; we do not apply traditional *Jackson v. Virginia* sufficiency principles. *Johnson v. State*, 423 S.W.3d 385, 389–90 (Tex. Crim. App. 2014). Only statutorily authorized costs and fees may be assessed against a criminal defendant. *Id.* at 389.

The State contends that Foy cannot complain about the trial court's assessment of the $290 because he failed to challenge the trial court's sex offender conditions when he pleaded guilty and was placed on deferred adjudication community

6

supervision. While it is true that Foy agreed to the sex offender conditions as part of his guilty plea—even though he pleaded guilty only to injury to a child[3]—and that community supervision conditions must be challenged when they are imposed,[4] Foy is not complaining about those conditions. Instead, he is challenging the basis for the trial court's imposition of a fee related to those conditions in the judgment. Such a complaint may be made for the first time on appeal. *See, e.g., London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

As part of the agreed-to sex offender community supervision conditions, which Foy signed the day he pleaded guilty, the trial court ordered Foy to pay a $5 monthly "sex offender fee." Because Foy was on community supervision for eighteen months, the total accrued for that fee when he was adjudicated guilty would have been $90. The trial court also ordered Foy to "[p]ay all costs of evaluation, counseling, treatment, and aftercare" for sex offenders. At the adjudication hearing, Foy pleaded true to the allegation that he had not completed the sex offender program that he was ordered to complete. The evidence showed that he had attended intake in 2019,

---

[3]*See* Tex. Code Crim. Proc. Ann. art. 1.14(a) ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law except that a defendant in a capital felony case may waive the right of trial by jury only in the manner permitted by Article 1.13(b) of this code."); *Tow v. State*, No. 02-11-00067-CR, 2012 WL 117996, at *3 (Tex. App.—Fort Worth Jan. 12, 2012, no pet.) (mem. op., not designated for publication).

[4]*Speth v. State*, 6 S.W.3d 530, 534–35 (Tex. Crim. App. 1999); *Donovan v. State*, 508 S.W.3d 351, 357 (Tex. App.—Fort Worth 2014), *aff'd*, No. PD-0474-14, 2015 WL 4040599, at *4 (Tex. Crim. App. July 1, 2015) (not designated for publication).

submitted to at least partial testing, and had completed five sessions with a provider in February and March 2020 but that he had still owed money to the treatment provider as of October 2020. Foy provided no evidence of how much he paid in accordance with the trial court's ordered community supervision conditions or that he paid all of what he had been ordered to pay; thus, the balance sheet—along with the community supervision conditions ordered by the trial court—show a basis for the trial court's imposition of those fees. *See* Tex. Code Crim. Proc. Ann. art. 42A.301(a) ("The judge may impose any reasonable condition that is . . . designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant."); *Conner v. State*, 418 S.W.3d 742, 744 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Foy's reliance on *Lewis v. State* is misplaced because in that case, the CSCD balance sheet in the record did not describe what the fees labeled only as "DUE TO CSCD" were for; here, the CSCD balance sheet described each line item. 423 S.W.3d 453, 461 (Tex. App.—Fort Worth 2013, pet. ref'd).[5]

Foy does not specifically challenge the calculation of the $940 that CSCD showed as still owed for community supervision fees, nor does he challenge the calculation of the lab fees. Nevertheless, the record shows a basis for these fees.

---

[5]Additionally, we need not address Foy's argument that the trial court could not assess the $290 under Code of Criminal Procedure Articles 102.0186 and 102.020 because the record shows an otherwise valid basis for the trial court's assessment. *See* Tex. R. App. P. 47.1.

8

Foy was on community supervision for eighteen months and thus would have accrued total monthly community supervision fees of $1,080. The $940 is within this range. *See, e.g.*, *Smith v. State*, Nos. 02-16-00412-CR, 02-16-00413-CR, 2017 WL 2276751, at *3–4 (Tex. App.—Fort Worth May 25, 2017, pet. ref'd) (mem. op., not designated for publication).

And the trial court ordered Foy to submit to, and pay for, testing of urine samples for alcohol and cannabinoids as a condition of his pretrial bond and his deferred adjudication community supervision. The record shows that Foy was repeatedly tested for alcohol and controlled substances: he tested positive for alcohol and marijuana at least twice while out on bond and at least twice while on community supervision. Thus, the record shows a basis for the imposition of those fees. *See* Tex. Code Crim. Proc. Ann. arts. 42A.104(a), .301(a), (b)(12), (17); Tex. Gov't Code Ann. §§ 76.011, .015; *Blackshire v. State*, No. 02-12-00364-CR, 2015 WL 3422498, at *1–2 (Tex. App.—Fort Worth May 28, 2015, pet. ref'd) (mem. op., not designated for publication); *Busby v. State*, No. 01-11-00819-CR, 2012 WL 2451849, at *2–3 (Tex. App.—Houston [1st Dist.] June 25, 2012, no pet.) (mem. op., not designated for publication). *But cf. Demerson v. State*, No. 02-18-00003-CR, 2018 WL 3580893, at *1–2 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication) (determining that record did not show evidence of testing when CSCD balance sheet did not specify categories for which amounts were owed, instead attributing $364 only as "DUE TO CSCD").

9

Accordingly, the record shows a basis for the $1,350 assessed as reparations. We overrule Foy's third point.

The State has asked us to modify the Order to Withdraw Funds to impose the $1,350 in reparations assessed in the judgment. But the trial court did not include the reparations in that order, and the record does not show why the trial court did not do so. Because Section 501.014 does not limit the time in which the trial court can issue or amend a funds-withdrawal notification, and because Foy will be able to challenge any subsequent withdrawal notice, we decline to order the State's requested relief. *See* Tex. Gov't Code Ann. § 501.014(e); *Harrell*, 286 S.W.3d at 317–18, 321 (noting that challenged withdrawal notifications—part of post-judgment civil collection process— were issued three and nine years after judgments imposing costs and appointed- counsel fees); *Maldonado*, 360 S.W.3d at 12 n.3 (likening funds-withdrawal notice to judgment nisi).

## IV. CONCLUSION

Because we have sustained Foy's first point, we modify the trial court's judgment to delete the $409 fine. *See* Tex. R. App. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Having sustained his second point, we likewise modify the Order to Withdraw Funds incorporated into the judgment to delete the $5,970 in its entirety. But, having overruled Foy's third point, we affirm the judgment as modified.

10

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  January 20, 2022

11