In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00406-CR
_____

**JULIE FAYE MEAD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 08-05071**

**MEMORANDUM OPINION**

In a single issue, Julie Faye Mead appeals from the trial court's judgment ordering her to pay restitution, court costs, and administrative fees without making a finding that she had the ability to pay. After our review of the record, we affirm the trial court's judgment.

**Background**

In 2011, Mead pled guilty to the offense of theft and was placed on deferred adjudication for 10 years. In the trial court's 2011 order, Mead was ordered to pay

1

Fines, Court Costs, supervision fees of $60.00 per month, Post Sentence Investigation (PSI) fee of $350.00, Attorney Fee of $0.00, Crime Stoppers fee of $50.00, and restitution in the amount of $100,000.00. Mead signed the order acknowledging she received a copy of it.

In August of 2015, and later in an amended motion filed in July of 2017, the State moved to adjudicate her guilt alleging, among other issues, that Mead violated the terms of her community supervision when she was convicted of the offense of issuance of a Bad Check on June 26, 2017, and that she failed to report to the Jefferson County Community Supervision and Corrections Department as required. Mead pled "true" to both violations. The trial court adjudicated her guilt and sentenced her to 10 years confinement and ordered her to pay administrative fees[1] in the amount of $1,440.00, court costs in the amount of $672.00, and restitution in the amount of $90,658.00. The trial court certified her right to appeal, and Mead timely filed this appeal. While Mead does not contest the trial court's decision to revoke her probation or adjudicate, she contends that the trial court erred when it assessed the restitution, court costs, and administrative fees against her because the trial court failed to determine if she had the ability to pay the monetary amounts.

---

[1] The administrative fees were identified by the trial court as supervision fees.

2

## Analysis

Mead asserts that the trial court erred by ordering her to pay administrative fees, court costs, and restitution because "the [c]ourt did not find during the hearing that she (Mead) was able or had the ability to pay any money amount." Mead contends that the trial court was required to consider her ability to pay "when considering a probation revocation based on the failure to pay restitution." She states that since she was appointed an attorney to represent her during the revocation, she was implicitly found to be indigent by the trial court.

In support of her argument, Mead relies upon *Carreon v. State*, 548 S.W.3d 71 (Tex. App.—Corpus Christi 2018, no pet.). In *Carreon*, the defendant pled guilty to two felony counts and was placed on community supervision for 10 years. *Id.* at 72–73. The trial court revoked the defendant's probation citing the defendant's failure to pay restitution as the sole grounds for revocation. *Id.* at 72. On appeal, the court of appeals reversed the trial court's judgment stating that "the State's only allegation in the motion to revoke was appellant's failure to pay fees, costs, fines, and restitution. The State had the burden to prove appellant failed to do so." *Id.* at 81. Citing the United States Supreme Court, the appellate court held that the trial court is required to determine whether the defendant "willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay"

3

before it may revoke the defendant's probation solely on the ground of failure to pay fees, costs, fines, and restitution. *Id*. at 80 (*quoting Bearden v. Georgia*, 461 U.S. 660, 672–73 (1983)). "To do otherwise would deprive the probationer of his conditional freedom, simply because, through no fault of his own, he cannot pay the fine[,]. . . contrary to the fundamental fairness required by the Fourteenth Amendment." *Id*. (*quoting Bearden*, 461 U.S. at 672–73).

*Carreon* is inapposite to this case. When the State seeks revocation of probation based solely on the failure of the defendant to pay costs and fees as ordered under the terms and conditions of the community supervision order, the trial court is required to make a finding as to the defendant's ability to pay. *See* Tex. Code Crim. Proc. Ann. art. 42A.751(i) (West 2018); *Martinez v. State*, 563 S.W.3d 503, 511 (Tex. App.—Corpus Christi 2018, no pet.). Here, Mead does not complain that her probation was revoked because she failed to pay fees and costs as ordered under the terms and conditions of her community supervision. Instead, Mead pled "true" to the violations that she failed to report to Community Supervision and that she was subsequently convicted of issuing a bad check. The trial court adjudicated her guilt based on Mead's "true" statements to the allegations of the State. Therefore, article 42A.751(i) is not applicable. *See* Tex. Code Crim Proc. Ann. art. 42A.751(i).

4

## Administrative Fees

When addressing the sufficiency of the evidence of a trial court's award of costs and administrative fees, we review the evidence in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). In the 2011 deferred adjudication order, the trial court ordered Mead to pay supervision fees in the amount of $60.00 per month, a PSI fee of $350.00, and a Crime Stoppers fee of $50.00. In the subsequent judgment adjudicating guilt signed by the trial court in 2017, Mead was ordered to pay, among other fees, $1,440.00 in administrative fees. Additionally, the record contains a document titled "Revocation Restitution/Reparation Balance Sheet" signed by the bookkeeper containing an itemized account of the administrative financial obligations imposed when the trial court signed its judgment adjudicating guilt in 2017. The balance sheet shows a total of $1,440.00 in supervision fees, $0.00 fee for Beaumont Crime Stoppers, and $0.00 fee for PSI.

"[A] judge who grants community supervision to a defendant shall set a fee of not less than $25 and not more than $60 to be paid each month during the period of community supervision by the defendant[.]" Tex. Code Crim. Proc. Ann. art. 42A.652 (West 2018). A cost is payable by the person charged with the cost when a written bill is produced containing the items of cost and signed by the officer who

charged the cost or who is entitled to receive payment for the cost. Tex. Code Crim. Proc. Ann. art. 103.001(b) (West 2018). The community supervision and corrections department and the county treasurer are authorized to collect such funds. Tex. Code Crim. Proc. Ann. art. 103.003(b) (West 2018).

The fees assessed in this case were authorized by statute. The appellate record contains a balance sheet showing that Mead owed an accumulated amount of $1,440.00 in supervision fees previously ordered under the 2011 deferred adjudication order payable to the Jefferson County Community Supervision and Corrections Department and signed by an authorized representative to collect the fees. Mead presented no evidence that the amount of supervision fees listed in the balance sheet was incorrect and did not object to the amount of fees at her hearing.[2] In reviewing the record in the light most favorable to the award of fees, we hold that the record supports some basis for the trial court's determination to assess administrative fees totaling $1,440.00 in its order adjudication guilt and hold that the trial court did not err when it ordered Mead to pay $1,440.00. *See id.* We affirm the trial court's judgment as to the administrative fees.

---

[2] Mead did not contest the amount of fees presented to the trial court at the hearing. Mead admitted in the trial court that she had not made payments toward her "payments or fees" since June 30, 2015.

6

**Court Costs**

"A defendant in any criminal action has the right of appeal." *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009) (citing Tex. Code Crim. Proc. Ann. art. 44.02 (West 2018)). "However, a 'defendant in a criminal prosecution for any offense may waive any rights secured him by law.'" *Id.* (quoting Tex. Code Crim. Proc. Ann. art. 1.14 (West 2005)). In 2011, Mead signed the "Trial Court's Certification of Defendant's Right of Appeal" stating that she has waived her right to appeal the 2011 deferred adjudication order. This certification was subsequently filed by the trial court. *See* Tex. R. App. P. 25.2(a)(2) (requiring a trial court to enter the certification of the defendant's right to appeal.). This certification was included in the appellate record. *See id.* 25.2(a)(2), (d). The appellate record does not show that Mead attempted to appeal the 2011 deferred adjudication order.

In its judgment adjudicating guilt signed in 2017, the trial court ordered Mead to pay court costs in the amount of $672.00.[3] In our review of the record, we note that there are two certified bills of costs submitted by the District Clerk outlining the court costs associated with this case. In a certified bill of costs filed on March 14,

---

[3] The total amount of the court costs from Mead's 2011 deferred adjudication order was $293.00. The court costs assessed in the 2017 judgment adjudicating guilt totaled $379.00. The sum of the two amounts is $672.00, the amount the trial court ordered Mead to pay in court costs in its 2017 judgment adjudicating guilt order.

2011, which was the same date as the signed order for deferred adjudication filed by the trial court, the District Clerk provided an itemized account of fines and costs associated with the deferred adjudication of Mead's felony theft case showing a balance of $293.00. Mead was required to timely appeal the assessment of any court costs associated with the 2011 deferred adjudication order at that time. *See Perez v. State*, 424 S.W.3d 81, 85–86 (Tex. Crim. App. 2014) ( "Appellant's waiver of his right to appeal does not excuse his failure to appeal the assessment of court costs at the time of the original imposition of community supervision."). An appellant who has knowledge of costs when placed on community supervision cannot later raise those issues on appeal when the community supervision is revoked. *See Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015). "Appellant filed no appeal until her community supervision was revoked two years later. We made clear in *Manuel and Wiley* that those issues that an appellant can raise in a direct appeal from the initial judgment must be raised, and that failing to do so results in procedural default." *Id.* (citing *Manuel v. State*, 994 S.W.2d 658, 661–662 (Tex. Crim. App. 1999); *Wiley v. State*, 410 S.W.3d 313, 320–21 (Tex. Crim. App. 2013)). Therefore, we conclude that Mead waived her right to appeal the court costs of $293.00 ordered in conjunction with the deferred adjudication order signed in 2011. This Court lacks

8

jurisdiction to review the $293.00 in court costs for the first time on appeal after the trial court order adjudicated Mead's guilt six years later.

The record includes a certified bill of costs signed by the District Clerk on October 6, 2017, reflecting total court costs in the amount of $379.00. This bill of costs outlines the District Clerk's total costs and fines associated with the trial court's revocation of Mead's community supervision and adjudicating her guilt. While we hold that Mead has waived the right to challenge the court costs ordered in the 2011 deferred adjudication order, the trial court certified Mead's right to appeal the judgment adjudicating guilt, including costs assessed with the proceeding, and Mead has timely appealed the court costs assessed in that order.

A defendant convicted of a felony is statutorily required to pay certain costs associated with a conviction for a felony. *See*, *e.g.*, Tex. Gov't Code Ann. §§ 102.001–.142 (West 2013, West Supp. 2018) (setting forth various court costs that a convicted person "shall" pay.). "The obligation of a convicted person to pay court costs is established by statute." *Solomon v. State*, 392 S.W.3d 309, 310 (Tex. App.—San Antonio 2012, no pet.) (citations omitted). The Code of Criminal Procedure mandates that judgments of conviction assess costs against the defendant. *See* Tex. Code Crim. Proc. Ann. arts. 42.15, 42.16 (West 2018); *see also Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). Thus, a trial court is not required to

9

determine a defendant's ability to pay statutorily authorized court costs associated with the conviction.

"Only statutorily authorized court costs may be assessed against a criminal defendant[.]" *Johnson*, 423 S.W.3d at 389 (citations omitted). "[C]ourt costs are not part of the guilt or sentence of a criminal defendant, nor must they be proven at trial; rather, they are 'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'" *Id.* at 390 (quoting *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)). Therefore, a reviewing court must "review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost[.]" *Id.* A clerk of a court is required to keep a fee record, and a statement of an item in the fee record is prima facie evidence of the correctness of the statement. Tex. Code Crim. Proc. Ann. art. 103.009(a), (c) (West 2018); *see also Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.). A defendant may challenge the assessed court costs for the first time on appeal, including costs associated with deferred adjudication. *Perez*, 424 S.W.3d at 85–86.

The bill of costs certifies total costs and fines of $379.00 and contains a detailed itemized list of specified costs assessed by the District Clerk. Mead has failed to identify or challenge any specific costs calculated by the District Clerk that

10

are alleged to be incorrect. "Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient." *Johnson*, 423 S.W.3d at 396. Therefore, we decline to undertake any further review of the correctness of the District Clerk's bill of costs due to Mead's failure to identify a basis for challenging any specific cost and affirm the total amount of court costs of $672.00 ordered by the trial court.[4]

## Restitution

The record reflects that Mead was ordered to pay $100,000.00 in restitution when she was placed on deferred adjudication in 2011. As we have previously stated, Mead signed the "Trial Court's Certification of Defendant's Right of Appeal" acknowledging that she waived her right to appeal the deferred adjudication. However, Mead was still charged with the duty to object to and seek review of any restitution ordered at the time she was placed on deferred adjudication, and Mead is now barred from raising any issue regarding restitution on appeal after the order of

---

[4] We note that the trial court did not include the 2017 court cost assessed by the District Clerk in its oral pronouncement. "The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). If there is a conflict between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Id*. Court costs, however, are not punitive and do not have to be included in the oral pronouncement as a precondition to their inclusion in the written judgment. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

revocation.[5] *See Perez*, 424 S.W.3d at 85–86. We affirm the trial court's award of restitution in this case.

## Conclusion

Having overruled Appellant's single issue on appeal, we affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on October 2, 2018
Opinion Delivered May 1, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[5] Mead did not object to the restitution amount at the 2017 hearing revoking her deferred adjudication and acknowledged that the she owed the restitution. Mead requested the trial court allow her to remain on deferred adjudication, enabling her to continue to make payments on the restitution.

12